# Philadelphia and Reading Railroad Company *versus* Commonwealth.

1. The settlement of an account for state tax on gross receipts, due by a corporation under the Act of June 7th 1879, upon the basis of a report furnished by the corporation to the Auditor-General, is a ministerial Act, which need not necessarily be performed by the Auditor-General and State Treasurer in person, but may be performed by clerks acting respectively under the direction and by the authority of said Auditor-General and State Treasurer.

2. In an action of debt by the Commonwealth against a corporation upon an account for state tax settled against it, the defendant filed an affidavit of defense, averring that, inasmuch as the said settlement was made, not by the accounting officers of the Commonwealth, but by other persons claiming to act for them, the account exhibited no cause of action:

*Held*, that, in the absence of an averment that the persons so claiming to act for said accounting officers acted in the premises without authority from the latter, the affidavit was insufficient to prevent judgment being entered for the Commonwealth.

May 31st 1883. Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., and PAXSON J., absent.

ERROR to the Court of Common Pleas, of *Dauphin county:* Of May Term 1883, No. 25.

[Philadelphia, &c. R. R. Co. *v.* Commonwealth.]

Debt, by the Commonwealth of Pennsylvania, against the Philadelphia and Reading Railroad Company, upon an account alleged to have been adjusted and settled against the said company by the Auditor-General of the Commonwealth, and to have been approved by the State Treasurer, for tax on gross receipts due, under the Act of June 7th 1879, for the six months ending June 30th 1881. The narr. averred that a copy of said account had been sent by the Auditor-General to the defendants, and had not been appealed from.

The copy of account filed showed the sum of $65,994.78 due by the defendant to the Commonwealth, for said tax for the period named, being at the rate of eight-tenths of one per cent. upon gross receipts, $8,249,347.97. during said period, as per report filed. Interest was also claimed on said amount of tax at twelve per cent. from 60 days after date of settlement.

The defendant, in an affidavit of defense filed set forth, that said tax was improperly assessed or settled against the defendant corporation, for the reason that the railroad during the term in question had been in the hands of receivers appointed by the United States Circuit Court for the Eastern District of Pennsylvania. [This branch of the defence was considered in the case between the same parties, May Term 1883, No. 32, reported supra.]

The affidavit of defence further set forth as follows :•

The claim of the Commonwealth is on a "settlement" purporting to have been settled and entered August 3d 1881, by Robert L. Frazer for John A. Lemon, Auditor-General, and approved August 10th 1881, by W. Livzey for Samuel Butler, State Treasurer, for tax on gross receipts per Act of June 7th 1879, for six months ending June 30th 1881, as per report therewith filed ; that at the time when the said account was settled and entered and approved, the said John A. Lemon was Auditor-General and the said Samuel Butler was State Treasurer, but that the said account was not settled and entered by the said John A. Lemon but by Robert L. Frazer, nor was it approved by the said Samuel Butler, but by W. Livzey ; and deponent therefore suggests to the court that the said settlement exhibits no cause of action against the defendant.

The Commonwealth took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence ; which rule the court (SIMONTON, P. J.), made absolute, whereupon the defendant took this writ of error, assigning for error the entering of judgment for want of a sufficient affidavit of defence.

*James E. Gowen* ( *W. B. Lamberton* and *D. Mumma* with him), for the plaintiffs in error.—The duties vested in the

[Philadelphia, &c. R. R. Co. *v.* Commonwealth.]

Auditor-General and the State Treasurer, under the corpora-
tion taxing Acts, to state and settle accounts, eminently require
judgment and personal discretion and therefore they cannot be
delegated to clerks. In the Hamilton Steeled Wheel Co. case,
PEARSON, P. J., allowed the settlement by a clerk because it was
a mere arithmetical statement of an account, but the learned
judge added that if there had been any matter involving the
exercise of judgment or discretion he could not so decide ; and
this court simply affirmed the judgment. Here the principal
question is one of discretion. But it does not even appear of
record that the persons by whom the account was settled are
clerks of the accounting officers of the Commonwealth, and
this court will not take official notice of the fact.

*Robert Snodgrass*, deputy attorney-general (*Lewis C. Cas-
sidy*, attorney-general, with him), for the Commonwealth.—The
authority of the corporation clerk is recognized in the appro-
priation Acts. It would be impossible for the Auditor-General
personally to settle the accounts of the thousands of corpora-
tions, twice or oftener in each year. The question is res adju-
dicata : Commonwealth *v.* Aurand, 1 Rawle 282 ; Hamilton
Steeled Wheel Co. *v.* Commonwealth, 12 W. N. C. 328. The
settlement not having been appealed from, is conclusive : Com-
monwealth *v.* R. R. Co., 2 Pearson 390 ; Hutchinson *v.* Com-
monwealth, 6 Barr 127 ; Commonwealth *v.* Hays, 1 Pittsburgh
316 ; Commonwealth *v.* Reading & Wilmington R. R. Com-
pany, 2 Pearson 394 ; Lehigh Crane Iron Company *v.* Com-
monwealth, 5 P. F. S. 448 ; Hultz *v.* Commonwealth, 3 Grant
61 ; Philadelphia *v.* Commonwealth, 2 P. F. S. 451.

Mr. Justice GREEN delivered the opinion of the court,
October 1st 1883.

The defence on the merits in this case is determined against
the plaintiff in error by the judgment of this court in the case
No. 32 May Term 1883 between the same parties. It is al-
leged in addition, however, in the affidavit of defence in the
present cause, that the settlement of taxes on which the claim
of the Commonwealth is founded, purports to have been made
by Robert L. Frazer for John A. Lemon, Auditor-General, and
approved by W. Livzey for Samuel Butler, State Treasurer.
The affidavit further states that at the time when the account
was settled John A. Lemon was Auditor-General and Samuel
Butler was State Treasurer, and that the account was not set-
tled by the former nor approved by the latter. Had the affida-
vit proceeded one step further and alleged that Frazer was not
legally authorized to act for Lemon, and Livzey for Butler, it
would have been sufficient to put the Commonwealth to proof

[Commonwealth v. Lehigh Valley R. R. Co.]

of their authority, if the plaintiff in error was not concluded by its omission to appeal. Or if it were true that only the Auditor-General and State Treasurer, in person, could perform the official functions involved in the settlement of the account in question, then also the averments in the affidavit would have been sufficient. But as long ago as in the case of Commonwealth v. Aurand, 1 Rawle 282, and again in the very recent case of Hamilton Steeled Wheel Company v. Commonwealth, 12 W. N. C. 328, it was determined that such settlements could lawfully be made by clerks in the office of the Auditor-General. The duty is ministerial and not judicial. In the present case the amount of gross receipts was furnished by the company, and the amount of tax was ascertained by the mere arithmetical computation of eight-tenths of one per cent. upon that amount. In doing this no species of judicial function was exercised. It will be perceived therefore that when the affidavit of defence merely negatived the fact of the settlement and approval of the account by the Auditor-General and State Treasurer in person, it did not go far enough, since other persons acting on behalf of those officers may perform this function. The affidavit admitted that other persons claiming to act for the officers in question had, in the names of the latter, settled and approved the account, and did not deny their authority to do so. Herein it was defective and insufficient to prevent judgment. As the Commonwealth was the plaintiff and set up the settlement as her act, done by her properly authorized officer, and there is no denial of that authority, we certainly can not presume its absence. On the contrary the presumption of its existence is required by the fact of its practical averment unopposed by any denial.

Judgment affirmed.