# Commonwealth *v.* United States Express Co., Appellant.

*Taxation—Express companies—Acts of June 7, 1879, and June 1, 1889.*

Under the acts of June 7, 1879, P. L. 17, and June 1, 1889, P. L. 431, requiring express companies to pay " a tax of eight mills upon the dollar upon the gross receipts of said company received from express business done wholly within this state," an express company is liable for a tax upon the whole of its gross receipts, and not merely on so much of its gross receipts as remains after deducting therefrom the amounts paid to other companies for transportation services.

*Taxes on gross receipts—Double taxation.*

The tax upon the whole of the gross receipts of an express company is not illegal double taxation, although the amounts paid by the express company to railroad companies for transportation are included in the gross receipts of railroad companies, and taxed as such.

*Taxation—Corporations—Adjustment of tax between.*

The provisions in § 7 of the act of June 7, 1879, P. L. 17, and § 23 of the act of June 1, 1889, P. L. 431, providing for adjustment of tax between corporations in certain cases, do not apply to express companies which employ railroad companies to do their transportation.

Argued June 1, 1893. Appeal, No. 32, May T., 1893, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1891, No. 446, for plaintiff, on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from tax settlement. Before SIMONTON, P. J.

The case was tried without a jury under the act of 1874. The court found the facts as follows :

" 1. The gross receipts of defendant from its express business, transacted wholly within the state of Pennsylvania, during the period included in the settlement appealed from, amounted in the aggregate to $437,657.81. During the same period it paid to several railroad companies for ' express transportation ' the sum of ———

" 2. Some of the railroad companies were paid ' a fixed sum per annum for all express facilities ' furnished to defendant by them; others were paid ' a fixed rate per hundred pounds of express matter carried ; ' and others were paid an amount equal to an agreed percentage of the gross receipts of defendant from its express business done on the given road.

" 3. All the railroad companies which carried express matter for defendant, and were paid therefor, as stated in the preceding finding, have paid all the taxes which accrued in respect of all their gross receipts, including the amounts received from defendant, as above stated.

" On these facts defendant claims that it is liable only for the amount of its gross receipts, which accrued during the year included in the settlement, remaining after deducting from its total gross receipts the amount paid to the several railroad companies, as above stated, for the reasons set forth in the following specifications of objections to the settlement appealed from :

" 1. The said settlement for the said years, and each period thereof, is erroneous, for the reason that the tax is assessed upon the total gross receipts within the state of Pennsylvania, without regard to the fact, contained in the reports of the company, of payment of a portion of said receipts to various railroad companies for transportation of the business upon which such gross receipts were collected, contrary to the provisions in section 7 of the act of June 7, 1879, and section 23 of the act of June 1, 1889, providing for the adjustment of tax in such cases between the corporations.

" 2. The said settlement is further erroneous, for the reason that double taxes are received by the commonwealth upon that portion of the said gross receipts paid out for transportation, as set out in the first ground of objection.

" A third specification was filed, which however does not apply to the facts of this case, or the period included in the settlement appealed from. The only questions therefore which can be considered in this case are those raised by the two specifications above quoted : Railroad Co. v. Commonwealth, 66 Pa. 64.

" The provisos in section seven, act of June 7, 1879, P. L. 117, and section twenty-third, act of June 1, 1889, P. L. 431, which are made the ground of the first specification of appeal, are identical, and are as follows :

" ' Provided, That in any case where the works of one corporation, company, joint stock association or limited partnership, are leased to and operated by another corporation, company- association or limited partnership, the taxes imposed by this section shall be apportioned between said corporations, compa-

nies, association or limited partnerships, in accordance with the terms of their respective leases or agreements ; but for the payment of said taxes, the commonwealth shall first look to the corporation, company, association or limited partnership operating the works ; and upon payment by the said company, corporation, association or limited partnership of a tax upon the receipts, as herein provided, derived from the operation thereof, the corporation, company, joint stock association or limited partnership, from which the said works are leased, shall not be held liable under this section for any tax upon the proportion of said receipts received by it as rental for the use of said works.'

" The sections of these acts in which this proviso is found, enact ' that . . . . every express company, . . . . incorporated or unincorporated, doing business in this commonwealth, . . . . shall pay to the state treasurer a tax of eight mills upon the dollar upon the gross receipts of said company received from express business done wholly within this state.' The provisos are expressly limited to ' any case where the works of one corporation, company, joint-stock or limited partnership are leased to and operated by another corporation, company, association or limited partnership,' and the exemption from taxation is strictly limited to ' any tax upon the proportion of said receipts received by it as rental for the use of said works.'

" The defendant is not a corporation or company from which any works are leased, and none of its receipts taxed in the settlement appealed from have been received by it as rental for the use of its works, and it is therefore manifest that [these provisos do not exempt any part of its gross receipts from taxation, and the first specification of objection cannot therefore be sustained.] [1]

" It is further claimed in the second specification that the taxation of all defendant's gross receipts, not deducting an amount equal to the sum paid by it for express transportation, will result in illegal double taxation.

" The subject of double taxation has recently been considered by each of the members of this court in opinions which will be found in a note to Commonwealth v. Westinghouse Air Brake Co., 151 Pa. 281 ; and it is not necessary to repeat what is there said. It is shown by the authorities there cited that

the double taxation forbidden by a constitution requiring equality or uniformity of taxation is such as would require the same person or the same subject of taxation to contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once. And it was held in Commonwealth v. Tioga Railroad Co., 145 Pa. 38, adopting the opinion of this court by Judge McPHERSON, that where a railroad company had paid the tax on all its gross receipts, including the amount paid by it to the defendant in that case for the use of its railroad, all the gross receipts of defendant, not deducting the amount received by it from the former company, were taxable, and that this was not double taxation; because both taxes were not levied upon the same subject nor to be paid by the same person. [The receipts of one company were paid to it for transportation, the receipts of the other were paid to it for tolls and trackage. In this case the sums paid by defendant to the several railroad companies, and which formed part of the gross receipts of these companies, were paid for the services rendered by them in transporting express matter for defendant; all defendant's gross receipts were received for the services rendered by it to its customers in receiving express matter and delivering it to the persons to whom it was consigned.] [2]

" In the American Union Express Co. v. Robinson, 72 Pa. 274, the court say that express companies receive a larger compensation, because they contract for a personal delivery of goods intrusted to them. It could not be seriously contended that if defendant had transported the express matter for which it paid freight to the railroad companies by its own servants and in its own vehicles, it could have deducted the cost of so doing from its taxable gross receipts, or that it could have done so if it had hired the vehicles for the transportation by the month or year. [It did not receive any part of the sums paid to it by its customers as the agent of the railroad companies, but all of its gross receipts were for services rendered by it.] [3]

" We think the fact that the taxation here imposed does not come within the provisos referred to above, tends strongly to show that the legislature intended the whole of defendant's gross receipts to be taxed. We must assume that the provisos

express the full intention of the legislature, and that if it had intended any further limitation of the letter of the acts, it would have so said.   The reasons for the provisos as they stand can be readily seen.   The company owning a railroad, which it has leased to another, is not with respect to such railroad engaged in business, and does not receive from its railroad any gross receipts, but only net income.

" [We are clearly of the opinion that the tax charged in the settlement appealed from in this case is not in any proper sense of the term double taxation,] [4] and that therefore the second specification cannot be sustained.

" CONCLUSIONS OF LAW.

" [1. Defendant is not exempted from taxation on any part of its gross receipts, taxed in the settlement appealed from, under the facts of this case, by the provisos to section 7, act of June 7, 1879, and section 23, act of June 1, 1889.

"2. The taxation of all defendant's gross receipts under the facts of this case is not illegal double taxation.

" 3. The settlement appealed from in this case is legal and valid.] " [5]

Judgment was directed to be entered for plaintiff.   Exceptions (1–5) filed by defendant were overruled, and judgment entered for plaintiff.   Defendant appealed.

*Errors assigned* were (1–5) dismissal of exceptions, quoting them; and (6) entry of judgment as above.

*John Hampton Barnes, Wayne MacVeagh* with him, for appellant, cited : Express Co. Cases, 117 U. S. 1 ; Com. v. Westinghouse Air Brake Co., 151 Pa. 281 ; Com. v. Tioga R. R., 145 Pa. 38 ; Com. v. New York, Lake Erie & Western R. R., 145 Pa. 200.

*Lyman D. Gilbert, John H. Weiss, James A. Stranahan,* deputy attorney general, and *W. U. Hensel,* attorney general, for appellee, made no oral argument, but cited in their printed brief : P. & R. R. R. v. Com., 104 Pa. 80 ; Com. v. Westinghouse Air Brake Co., 151 Pa. 281 ; American Union Express Co. v. Robinson, 72 Pa. 274 ; Union Express Co. v. Ohleman, 92 Pa. 323.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 2, 1893:

An examination of the record in this case has fully convinced us that there is nothing, either in the learned trial judge's findings of fact or in the legal conclusions drawn therefrom, of which the defendant has any just reason to complain.

The company's gross receipts from its express business, transacted wholly within the state, during the period included in the settlement appealed from, appear to have aggregated $437,657.81. During same period, considerable sums were paid by it to railroad companies for transporting its express matter. Some of said companies were paid a fixed sum per annum for all transportation services. Others were paid a fixed rate per hundred pounds of express matter carried for defendant, and others were paid a sum equal to an agreed percentage of defendant's gross receipts from its express business done on their respective roads. All the railroad companies that carried express goods for defendant, and were compensated for that service in one or other of the modes mentioned, have paid all the taxes which accrued in respect of their own individual gross earnings, including the amounts paid them respectively by defendant company. On these undisputed facts, the company defendant contends that it is taxable only on so much of its gross receipts as remains after deducting therefrom the amounts paid as aforesaid to other companies for transportation services. If the acts of June 7, 1879, and June 1, 1889, under which the tax in controversy is claimed, contemplated a tax on net receipts, this contention should prevail; but they do not. On the contrary they expressly declare " that . . . . every express company . . . . incorporated or unincorporated, doing business in this commonwealth . . . . shall pay to the state treasurer a tax of eight mills upon the dollar upon the gross receipts of said company received from express business done wholly within this state.". The tax is thus laid not upon net earnings or upon gross earnings less the amount paid other companies for transportation services, but upon the entire gross receipts of the defendant's express business done wholly within this commonwealth. As construed in Railroad Co. v. Commonwealth, 104 Pa. 86, the term " gross receipts " has been regarded as equivalent to " gross increase " or " gross earnings." The defendant might, with almost equal propriety, claim the right to deduct office expenses and cost of local delivery service.

As has been clearly shown by the learned president of the common pleas, the provisos in section seven of the act of June 7, 1879, and section twenty-three of the act of June 1, 1889, providing for adjustment of tax between corporations in certain cases, have no application to the facts of this case. Neither of defendant's agreements with other companies for transportation services brings it within the terms of said provisos.

The court was also right in holding that, under the facts in this case, the taxation of the whole of said gross receipts is not illegal double taxation.

We find nothing in either of the specifications of error that calls for reversal or modification of the judgment.

Judgment affirmed.