# Scranton City v. Straff, Appellant.

*Municipalities—Ordinance—Police regulations—Merry-go-round.*

In determining the reasonableness of a municipal ordinance, the court will have to regard all the circumstances of the particular city or corporation, the object sought to be obtained, and the necessity which exists for the ordinance. Implied power springs from necessity. That which may be necessary for a large city, may not be necessary for a small city or borough; that which is not necessary cannot be implied.

Where the municipal legislature has authority to act, it must be governed not by the discretion of the court, but by its own discretion, and the court will not be hasty in convicting it of being unreasonable in the exercise of such authority.

An ordinance forbidding the operation of a merry-go-round within 1,000 feet of any public park in the city, is a reasonable and constitutional exercise of municipal authority.

Argued March 15, 1905. Appeal, No. 8, Jan. T., 1906, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1904, No. 533, dismissing appeal from judgment of an alderman in case of City of Scranton v. Alex. Straff. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Appeal from judgment of alderman. Before EDWARDS, P. J. The opinion of the Superior Court states the case.

*Error assigned* was order dismissing the appeal.

*A. A. Vosburg*, with him *Chas. W. Dawson*, for appellant.—
All citizens in pursuit of legitimate, honest occupations, stand
equal before the law; no distinction can be made: State v.
Long Branch Commissioners, 42 N. J. L. 364; State v. Taft,
32 L. R. A. 122; In re Jacobs, 98 N. Y. 98; McCullough v.
Brown, 23 L. R. A. 410; People v. Marx, 99 N. Y. 377 (2 N.
E. Repr. 29).

The prohibition as to locality must be reasonable, in order
that it may not offend the constitutional limitation: Baltimore
v. Radecke, 49 Md. 217.

The reasonableness of an ordinance, is the subject of judicial
inquiry: Hawes v. Chicago, 30 L. R. A. 225; St. Louis v.
Weber, 44 Mo. 547; Coal Float v. Jeffersonville, 112 Ind. 15
(13 N. E. Repr. 115); 1 Dillon Munc. Corp. sec. 328;
Hawes v. Chicago, 158 Ill. 653 (42 N. E. Repr. 373); St.
Paul v. Colter, 12 Minn. 41; State v. Belvidere, 44 N. J. L.
350.

An ordinance must be reasonable, and if it is unreasonable,
unjust and oppressive, the courts will hold it to be void:
Chicago v. Rumpff, 45 Ill. 90; 1 Beach on Public Corporations,
sec. 513; Dewhurst v. Allegheny, 95 Pa. 437; Frazee's
Case, 63 Mich. 396 (30 N. W. Repr. 72).

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*,
assistant city solicitor, and *Herman Osthaus*, for appellee.—
That a municipality may prescribe the limits within which cer-
tain occupations may be maintained is illustrated by many
different cases: Chicago v. Stratton, 162 Ill. 494 (44 N. E.
Repr. 853); Natal v. Louisiana, 139 U. S. 621 (11 Sup.
Ct. Repr. 636); Com. v. Hubley, 172 Mass. 58 (51 N. E.
Repr. 448); Ex Parte Lacey, 108 Cal. 326 (41 Pac. Repr.
411); In re Hang Kie, 69 Cal. 149 (10 Pac. Repr. 327);
L'Hote v. New Orleans, 177 U. S. 587 (20 Sup. Ct. Repr.
788).

The exercise of this power by this ordinance was reasonable,
and equal in its operation on all persons and property of a
specified class: Phila. v. Brabender, 201 Pa. 574; O'Maley v.
Freeport Borough, 96 Pa. 24; L'Hote v. New Orleans, 177
U. S. 587 (20 Sup. Ct. Repr. 788).

Judicial authority to declare an ordinance unreasonable is a

power to be cautiously exercised. The presumption is that an ordinance is reasonable, and the burden is upon the party who denies the validity of the ordinance: Littlefield v. Nebraska, 42 Nebraska, 223 (60 N. W. Repr. 724); Traction Co. v. Elizabeth, 58 N. J. L. 619 (34 Atl. Repr. 146).

In order to enforce this ordinance against one who violates its provisions, no proof is needed that the act complained of is an injury to any one: Ex parte Lacey, 108 Cal. 326 (41 Pac. Repr. 411); Cronin v. People, 82 N. Y. 318; Martin v. Mott, 25 U. S. 19.

OPINION BY ORLADY, J., July 13, 1905:

The defendant was convicted before a magistrate on the charge of violating an ordinance of the city of Scranton, which prohibited " the operating of any ring game, game of chance, merry-go-round, razzle-dazzle, shooting gallery, air gun, animal show, musical instruments in places of entertainment where refreshments are sold, freak show, or entertainment of the usual side show variety, or show or entertainment of similar character within 1,000 feet of any public park in the city of Scranton."

The only question involved is the validity of the section quoted from the ordinance. It is contended that the merry-go-round of the defendant, which is a mechanical arrangement propelled by steam power having combined with it a musical appliance, and so constructed as to enable about forty persons to mount forms and shapes which were designed to represent animals and were placed upon a platform so as to revolve at a rapid rate of speed, is a source of disturbance of the peace and good order in its neighborhood.

The defendant had secured a license from the proper city authorities to conduct a merry-go-round at Wahler's Grove, but the device, for maintaining which he was arrested, was not at Wahler's Grove, but was located at another place and within the prohibited distance from Nay Aug Park, and within the limits of the city of Scranton. The granting of this license is of no avail as a defense, since it was for an entirely different location.

The contention here is, that the ordinance is unreasonable because it prohibits the carrying on of this business within certain territorial limits, in the absence of any evidence to show

that the carrying on of such business within such prohibited territory is objectional or that it constitutes a nuisance. In determining the reasonableness of an ordinance, the court will have to regard all the circumstances of the particular city or corporation, the object sought to be obtained, and the necessity which exists for the ordinance. Implied power springs from necessity. That which may be necessary for a large city, may not be necessary for a small city or borough. That which is not necessary cannot be implied : Kneedler v. Norristown, 100 Pa. 368. It must be conceded that all citizens in pursuit of legitimate and honest occupations stand equal before the law and the police power intrusted to a municipal corporation is unreasonably exercised when invidious distinctions are made between citizens who are endowed with equal rights ; but where the municipal legislature has authority to act, it must be governed, not by our discretion but by its own, and we shall not be hasty in convicting it of being unreasonable in the exercise of such authority : Philadelphia v. Brabender, 17 Pa. Superior Ct. 331 ; s. c. 201 Pa. 574. A clear abuse of power must be shown to justify the court in declaring it unreasonable. The charter of the city is unquestionably comprehensive enough to authorize it to legislate in regard to the devices mentioned in the ordinance. While the business of conducting a merry-go-round is legitimate, in the absence of any statute law controlling it, no inalienable right exists to carry it on, without complying with the provisions and restrictions which the legislative power of the state or a municipal corporation may see fit to require. The presumption is that the ordinance is reasonable and the burden is upon the party who denies its validity. This burden has not been sustained by the defendant in this case. A business may not be a nuisance per se, and yet be of such a character that its location is properly subject to municipal regulation : Shiras v. Olinger, 50 Iowa, 571 ; and the power to regulate includes the power to limit it to certain localities : Cronin v. People, 82 N. Y. 318 ; St. Louis v. Russell, 116 Mo. 248 (22 S. W. Repr. 470) ; Slaughter House Cases, 83 U. S. 36. The power to regulate extends to every expedient to be regulated or prohibited for the preservation of public health or general welfare, for example, the location and regulation of markets, and the prohibition of the keeping of a private mar-

ket within a specified distance . . . . six city squares . . . . of the public market: Natal v. Louisiana, 139 U. S. 621 (11 Sup. Ct. Repr. 636) ; regulating the business of rag picking and prohibiting the storage of rags, paper or other refuse in certain districts : Commonwealth v. Hubley, 172 Mass. 58 (51 N. E. Repr. 448) ; prohibiting the operation of steam carpet beating machines within 100 feet of any church, schoolhouse, or residence : Ex parte Lacey, 108 Cal. 326 (41 Pac. Repr. 411) ; prohibiting the operation of laundries within certain districts, during certain hours : Soon Hing v. Crowley, 113 U. S. 703 (5 Sup. Ct. Repr. 730) ; Barbier v. Connolly, 113 U. S. 27 (5 Sup. Ct. Repr. 357) ; prohibition of laundries within certain districts : In re Hang Kie, 69 Cal. 149 (10 Pac. Repr. 327) ; segregating women of certain classes to certain localities : L'Hote v. New Orleans, 177 U. S. 587 (20 Sup. Ct. Repr. 788) ; prohibiting the use of musical instruments to collect crowds of people on public streets : Wilkes-Barre v. Garabea, 11 Pa. Superior Ct. 355.

The ordinance in this case is not partial, as it prohibits the operation of any such show or contrivance or device mentioned in the ordinance, by any person within 1,000 feet of any park of the city. The prevention of nuisances is quite as important as their abatement, and under the facts in this case, the ordinance should be sustained.

The assignments of error are overruled and the judgment is affirmed.