## Millcreek Township, Appellant, v. Erie Rapid Transit Street Railway Company.

*Street railways—Roads—Consent—Condition subsequent—Impossibility of fulfillment.*

Where a township has granted a franchise to a street railway company to lay its tracks on a public road, with a condition subsequent that when required by the township it should remove its track from the side to the center of the road, the township cannot, after the construction of the road, declare a forfeiture of the franchise, where it appears that it was impossible for the company to fulfill the condition by reason of the refusal of the landowners abutting on one side of the road to give their consent to the construction of the railway in the center of the road.

Argued May 23, 1906.   Appeal, No. 128, Jan. T., 1906, by plaintiff, from decree of C. P. Erie Co., Feb. T., 1905, No. 7, on bill in equity in case of the Township of Millcreek v. Erie Rapid Transit Street Railway Company, and Henry F. Walton, Receiver.   Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction.   Before WALLING, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*John S. Rilling*, with him *Henry E. Fish*, for appellant.

*Dwight M. Lowrey*, with him *Alfred R. Haig, Henry C. Thompson, Jr., William F. Harrity* and *S. A. Davenport*, for appellees.

PER CURIAM, June 27, 1906:

It is found by the court below that the defendant company with the consent of the road authorities of the plaintiff township laid its tracks upon the south side of the highway and has operated on them as a street passenger railway since 1901. Further, that the consent of the said authorities was with a reservation of the right to require the company " at any time to remove its tracks from the side of said road to the center thereof," and that the road authorities in pursuance of this reserved right have directed the company to so remove the tracks.   The defendant having failed to obey the direction, this bill was filed, inter alia, for a mandatory injunction to make the removal.   The answer of defendant set up among other things that it had not been able to secure the consent of the property owners on the north side to the change of the location of the tracks to the center of the road.

It is conceded that the franchise to build the road could not be exercised until the consent of the township authorities had been obtained, and that such consent, having been given on condition, was ineffectual without performance of the precedent condition.   The consent of the abutting landowners on the south side of the highway was also a legal prerequisite to the location of the tracks on that side without regard to any agree-

ment the township and the company might make, and had the company failed to obtain such consent its grant would not have been available, for failure of performance of a condition precedent, even by reason of its impossibility, defeats the grant. But in the present case the condition was performed, the consent obtained and the road constructed and operated for more than three years in compliance with all the legal requirements.  The obligation to move the tracks to the middle of the road, though valid and binding, was part of a condition subsequent, as to which the rule is different.  Impossibility excuses failure of performance, and defendant has set up a legal impossibility in the refusal of the property owners to consent and the absence of any legal means of compelling consent.

The learned judge below made a careful decree enjoining the performance of certain car service prayed for, and ordering the defendant to remove its tracks from the south side to the center of the road "as soon as it may lawfully be done." This was all that the appellants were entitled to ask.

Decree affirmed.