## McCabe v. Watt, Appellant (No. 2).

*Mines and mining—Burning coal mine—Nuisance—Surface owner—Mandatory injunction—Equity.*

Where a burning coal mine has reached the public enemy's stage, and threatens a city within whose limits the mine is situated, the owner of the surface above the burning coal, who is in no way responsible for the fire, cannot be compelled by a mandatory injunction to take measures at his own expense to put out the fire.

Argued Feb. 24, 1909. Appeal, No. 27 Jan. T., 1909, by plaintiffs, from decree of C. P. Lackawanna Co., March T., 1908, No. 10, dismissing bill in equity in case of John McCabe et al. and City of Carbondale v. W. W. Watt and The Finn Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for mandatory injunction.

The facts appear by the opinion of the Supreme Court, and by the report of the previous case.

The court entered a decree dismissing the bill as to W. W. Watt.

*Error assigned* was the decree of the court.

*A. A. Vosburg* and *I. H. Burns*, with them *R. D. Stuart, Gramer & Norton* and *C. W. Dawson*, for appellant.—Mandatory injunctions should be granted where it is plain that a nuisance is being maintained, to compel the abatement of the same, and we were therefore entitled to this relief: Cole Silver Mining Co. v. Water Co., 1 Sawy. 470; Strelley v. Pearson, L. R. 15 Ch. Div. 113; New York v. Cunard S. S. Co., 61 Hun, 346; Brauns v. Glesige, 130 Ind. 167 (29 N. E. Repr. 1061); Central Trust Co. v. Moran, 29 L. R. A. 212; Whiteman v. Fuel Gas Co., 139 Pa. 492; Troe v. Larson, 84 Iowa, 649 (51 N. W. Repr. 179); Bradfield v. Dewell, 48 Mich. 9 (11 N. W. Repr. 760); Pine City v. Munch, 6 L. R. A. 763; Carleton v. Rugg, 149 Mass. 550 (22 N. E. Repr. 55); Bailey v. Dale, 71 Cal. 34 (11 Pac. Repr. 804); San Benito County v. Whitesides, 51 Cal. 416.

*H. A. Knapp*, of *Willard, Warren & Knapp*, with him, *O'Brien & Kelly*, for appellees, cited: Knauss v. Brua, 107 Pa. 85; Somers's App., 6 W. N. C. 441; Sitzman v. Heikel, 10 Pa. Dist. Rep. 673; Ditchett v. R. R. Co., 67 N. Y. 425; Conhocton Stone Road v. Buffalo, etc., R. R. Co., 51 N. Y. 573; Ahern v. Steele, 115 N. Y. 203 (22 N. E. Repr. 193).

OPINION BY MR. JUSTICE ELKIN, March 29, 1909:

What was said in the opinion filed in the appeal of The Finn Coal Company, ante, p. 253, applies generally to this case. In addition it may be said that the appellee, Watt, is not at fault. He did not start the fire and is in no way responsible for its burning. He, an owner of the surface, in common with other adjacent owners of the soil, may and no doubt will, suffer great loss on account of the burning coal stratum. But what has he

done or left undone to be subjected to the burdens imposed by a mandatory injunction? Nothing. No one would seriously contend that a mandatory injunction should be issued. against an adjacent owner under the circumstances of this case, and we do not see why a distinction should be made and a different rule applied as to the owner of the superincumbent strata who is without fault and owes no duty to appellants except that in the use and enjoyment of his own property he must not willfully and wantonly do injury to his neighbors. There is nothing in this proceeding to bring appellee within the rule of willful and wanton negligence, nor is there anything to sustain a writ of mandatory injunction against him. If the lives and property of the citizens of Carbondale are menaced by the burning coal mine and the efforts of the owner are unavailing to extinguish the fire, the municipality should take hold of the situation with a strong hand and abate the so-called nuisance just as it would stop the flames of a surface conflagration. The right to protect in such an emergency is not limited by the location of the destructive agency, and the power of the municipality to act is the same whether the fire is in the cellar, or upon the roof, or above or below the surface of the ground. This fire has reached the public enemy stage, and it should be so regarded and treated by the public authorities. To hold that a state or county or other municipal division, each or all of them, cannot provide protection to the lives and property of citizens threatened with destruction by fire, would be to place the seal of impotency on governmental functions and to deny that protection the law should afford an enlightened people. To fiddle on broken strings while Rome is burning is not in keeping with the spirit and purpose of the present generation.

Appeal dismissed at cost of appellants.