## Cameron, Appellant, v. City of Carbondale.

*Mines and mining—Extinguishment of underground conflagration—Municipalities—Exercise of discretion by municipal authorities—Mandatory injunction—Equity—Continuous supervision.*

1. It is not for the courts to supervise or control the fair exercise of judgment or discretion by municipal authorities, nor can such authorities be required to do impossible or impracticable things.

2. What the authorities of a municipality ought to do in grappling with a disastrous underground mine conflagration is within the exercise of their sound discretion and will not be the subject of a mandatory injunction against the city where nothing in the record appears to indicate that the officers of the city are not acting in good faith or in the exercise of their best judgment.

3. A good and sufficient reason for the refusal of a mandatory injunction is the fact that its enforcement would require a close and continuous supervision by the court for an indefinite time.

Argued Feb. 21, 1910. Appeal, No 21, Jan. T., 1910, by plaintiffs from decree of C. P. Lackawanna Co., Sept. T., 1909, No. 11, dismissing bill in equity in case of John R. Cameron, Henry T. Fenwick and John McCabe v. City of Carbondale. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity for a mandatory injunction. Before EDWARDS, P. J.

The facts appear in the opinion of the Supreme Court and in McCabe v. Watt, No. 1, 224 Pa. 253.

*Error assigned* was decree dismissing bill.

*A. A. Vosburg,* with him *Charles W. Dawson,* for appellant. —In our view of the case the liability of the city to cut off or distinguish the fire was decided in the case of McCabe v. Watt, 224 Pa. 259.

The law can be invoked to compel a municipality to do a duty it owes to the general public: Brower v. New York, 3 Barb. 254; Marriott's Case, 9 Md. 160; Taylor v. Cumberland, 64 Md. 68 (20 Atl. Repr. 1027).

*O'Brien & Kelly,* with them *Louis Gramer,* City Solicitor, for appellee, cited: Lesley v. Kite, 192 Pa. 268.

OPINION BY M. JUSTICE POTTER, March 14, 1910:

The City of Carbondale was not a party to the litigation which led to the decision of this court in McCabe v. Watt, 224 Pa. 259, and the question of the legal obligation resting upon the city to extinguish the flames of a subterranean fire upon private property within its limits, was not before the court for decision. It is a mistake therefore, to assume that the legal duty of the city to cut off or extinguish the fire under such circumstances, was passed upon or decided in that case. What the authorities of a municipality ought to do in the exercise of a sound discretion, when it comes to grappling with a disastrous underground conflagration, is one thing, and the power of a court of equity to supervise or control the exercise of that discretion, is another.

The case was heard upon bill and answer, and from the answer the following facts appear, which must be taken as established:

1. There are no methods in common and ordinary use which can be utilized to put out the fire complained of in the plaintiff's bill.

2. Whether the fire can be extinguished at all or not, is a

question of mining engineering, and a question of which the defendant has no knowledge.

3. Before any intelligent effort can be made to extinguish the fire, an expense amounting to approximately $100,000, would have to be incurred, and that without any assurance that such effort involving such a large sum of money would be successful.

4. The defendant has no apparatus by which it or any of its officers are able to extinguish the fire; there is no department of defendant city in any way equipped for the purpose of extinguishing it, and there are no officers of the city competent to undertake to extinguish or confine it.

5. The defendant is entirely without means with which to put out the fire in question.

Upon the facts which are undisputed, the court below refused to award a mandatory injunction against the city. Nothing appears in the record to indicate that the officers of the city are not acting in good faith, or in the exercise of their best judgment. They cannot be required to do an impossible or an impracticable thing. It may be that the cost of the effort demanded by appellants to extinguish the underground flames would exceed the damage resulting from the fire. It must be remembered that the City of Carbondale is in no way responsible for the existence of the fire. It started upon, and is still confined to private property. The situation is an extraordinary one, and the record presents nothing to indicate that the city authorities have gone beyond their discretionary power in refusing to act in the premises. It is not for the courts to supervise or control the fair exercise of judgment or discretion by the city authorities.

A further good and sufficient reason why a mandatory injunction should be refused under the circumstances of this case, is that its enforcement would require close and continuous supervision by the court for an indefinite time. As our Brother ELKIN said in McCabe v. Watt (No. 1), 224 Pa. 253 (258): "A mandatory injunction should never be granted when its enforcement will require too great an amount of supervision by the court. It needs no citation of authorities

to sustain this proposition. It is a fundamental principle and of general application in this and other jurisdictions." He then pointed out that the enforcement of the injunction asked for in that case would "require the employment and supervision of a large-force of men for a long period of time. Skillful and experienced men must be employed to direct the work, all of which involves the doing of something from day to day for an indefinite period, and this is what the courts have said will not be undertaken in the enforcement of their decrees, and if foreseen no such decree will be entered." This language aptly described what would be called for in the present situation, and fully justified the court below in refusing a mandatory injunction against the City of Carbondale. As stated by counsel for appellee, it is a matter of common knowledge that mine fires in the anthracite coal regions present perplexing and baffling questions of mining engineering, most difficult to deal with, and at times impossible to grapple with successfully.

The principle under which municipalities may be compelled to abate nuisances upon a public highway, or arising out of their own neglect of duty, does not apply here. The defendant city committed no tort. The fire was not permitted to start upon any property under her control, and she is innocent of any wrong doing in connection therewith. The court below very properly refused a mandatory injunction in this case.

The appeal is dismissed at the cost of appellants.