# Carlisle & Mechanicsburg Street Railway Company's Appeal.

*Street railways—Municipal consent—Conditional consent—Boroughs—Validity of borough ordinance—Jurisdiction—Quarter Sessions—Constitutional law—Article XVII, sec. 9.*

1. Article XVII, sec. 9, of the constitution which provides that "No street passenger railway shall be constructed within the limits of any city, borough or township without the consent of its local authorities," gives a borough the power to impose conditions upon a street railway company as a consideration for the consent given, and an ordinance giving such consent and imposing such conditions cannot be set aside by the court of quarter sessions, as unreasonable, illegal and void. The jurisdiction of the court is limited to the review of ordinances and regulations done, or purporting to be done in the exercise of some power conferred upon the borough by statute. It does not apply to a grant of power directly from the constitution to municipalities.

2. Where a borough grants its consent to a street railway on condition of certain annual payments during ten years "at the expiration of which period the council reserves the right to regulate and determine the future annual payment," and the borough after expiration of such period fixes by ordinance the annual payment at a much larger amount, and such ordinance states that the payment is "solely for the rights and privileges granted," in the previous ordinance, designated by its number, the court of quarter sessions has no jurisdiction to set aside the later ordinance as unreasonable, illegal and void.

Argued March 10, 1913. Appeal, No. 21, March T., 1913, by Carlisle & Mechanicsburg Street Railway Company, from order of Q. S. Cumberland Co., Sept. Sessions, 1911, No. 376, dismissing appeal from borough ordinance in Appeal of Carlisle & Mechanicsburg Street Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from ordinance of the borough of Mechanicsburg.

The opinion of the Superior Court states the case.

*Error assigned* was in dismissing the appeal.

*S. B. Sadler* and *Lyman D. Gilbert*, with them *Sharpe & Elder*, for appellants.—Objections to ordinances must be taken advantage of by appeal to the court of quarter sessions: Second Street Steelton Borough, 8 Dauphin County Rep. 243; Pennsylvania Co.'s Case, 213 Pa. 373.

Ordinances regulating constructions upon or excavations in the highways are enacted by virtue of the power given in the general borough act, and its supplements, and are, therefore, subject to review upon appeal by the court of quarter sessions: Bethlehem Consolidated Gas Co. v. Bethlehem Borough, 20 Pa. Dist. Rep. 494; United Telephone & Telegraph Company v. Collegeville Boro., 11 Pa. Dist. Rep. 755; Riebe v. Lansford Borough, 8 Pa. Dist. Rep. 356; Heller's App., 17 Pa. Dist. Rep. 903; Harrisburg City Pass. Ry. Co. v. Harrisburg, 7 Pa. C. C. Rep. 584; Faust v. Ry. Co., 3 Phila. 164.

The constitution is to be interpreted with reference to previous legislation of the state and powers always previously exercised by the legislature remain in them, unless expressly or impliedly prohibited: Cronise v. Cronise, 54 Pa. 255; Pittsburg v. Railroad Co., 205 Pa. 13; Erie v. Traction Co., 222 Pa. 43.

*E. M. Biddle, Jr.*, with him *Harry M. Zug*, for appellee.—As a revenue measure, in form, purpose and effect, the ordinance is not subject to review by the court of quarter sessions.

Where a borough now determines whether it will consent to any use of its streets, and makes provision for payments in consideration of giving such consent, or where it attaches a condition for the granting to a street railway of its permission to construct its tracks

on the streets of the borough, which condition does not relate to the manner in which the railroad is to be constructed and used, it is not "regulating" or attempting to regulate the use of the streets but it is making a contract with the railway corporation, not under any power conferred by the general borough act, but under an express constitutional grant: Allegheny v. Gas Co., 172 Pa. 632; Minersville Boro. v. Railway Co., 205 Pa. 394; Cochranton Boro. v. Tel. Co., 41 Pa. Superior Ct. 146; Johnstown Tel. Co. v. Ferndale Boro., 47 Pa. Superior Ct. 461; Allegheny v. Ry. Co., 159 Pa. 411.

OPINION BY PORTER, J., July 16, 1913:

The borough of Mechanicsburg was incorporated by the special Act of April 12, 1828, 10 Sm. Laws 150, and by appropriate action became subject to the general borough act of April 3, 1851, P. L. 320. The Cumberland Valley Electric Passenger Railway Co. was duly incorporated, on September 11, 1893, under the provisions of the act of May 14, 1889, P. L. 211, and the supplements thereof, by the commonwealth of Pennsylvania, to construct a street railway from the borough of Carlisle to and through the borough of Mechanicsburg, and having obtained the consent of the local authorities constructed and subsequently operated, on the public highways, the street railway authorized by said charter. The rights and franchises of this company subsequently became vested in the Carlisle & Mechanicsburg Street Railway Co. and the Valley Traction Co., the appellants, and the latter companies became subject to the duties and liabilities of the corporation to which they had thus succeeded. The consent of the borough of Mechanicsburg to the construction and operation within its limits of the street railway in question was by Ordinance No. 133, approved August 6, 1900, and the street railway company duly accepted the said ordinance and under the provisions thereof constructed its railway. The provision of said ordinance which is material to the determination of this

case was as follows, viz.: "That the said railway company, in consideration of the rights and privileges granted by this ordinance, shall pay to the borough the sum of $50.00 per annum, said. payment to begin two years after the completion of said railway, and to continue for three years, at the expiration of which term the said annual payment shall be increased to the sum of $100, which latter annual sum shall continue for the period of five years, at the expiration of which period the council reserves the right to regulate and determine the future annual payment." The period of ten years following the completion of the railway expired on March 1, 1911, and the appellant companies and the corporation to the rights of which they had succeeded made the annual payments during that period for which the amounts had been by the ordinance definitely fixed. Upon the expiration of that period the council of the borough duly passed the Ordinance entitled, "Ordinance No. 226. Fixing the annual payment to the Borough of Mechanicsburg, Pa., by the Valley Traction Company, successors to the Cumberland Valley Electric Passenger Railway Company, for rights and privileges granted in Ordinance No. 133." This ordinance recited some of the provisions of Ordinance No. 133, inter alia, that the earlier ordinance had provided for the annual payment of a fixed sum during the period specified and had reserved to the council of the borough the right to determine the annual payment to be made after the expiration of that period, and then ordained, in its first section, that the appellants, successors to the passenger railway company, should pay annually to the borough, from March 1, 1911, the sum of $1,200. The second section of the ordinance is as follows: "That said annual payment of $1,200. be considered solely for the rights and privileges granted in Ordinance No. 133, to the Cumberland Valley Electric Passenger Railway Company, and shall in no way preclude or debar the Borough of Mechanicsburg .from collecting fines for the violation of ordinances or any acts of Assembly now enacted or that

may be enacted relative to the same or levying additional taxes for police and street regulations." The appellant companies, after the enactment of this ordinance presented their petition to the Court of Quarter Sessions praying leave to appeal to that court "from said Ordinance No. 226," and that the said court order and decree that the said ordinance was unreasonable, illegal and void. The court below made an order formally allowing the appeal. The borough filed an answer and the appellants a replication, but as to the material facts there was no dispute. The learned judge who heard the case in the court below, after full consideration, filed an opinion holding that because of the subject-matter of the ordinance and the nature of the power exercised by the borough authorities in its enactment, the court of quarter sessions was without jurisdiction to review the action of the borough council, and dismissed the petition. The petitioners appeal from that decree.

The court of quarter sessions is not vested with general equity jurisdiction and its authority to review the action of the council of a borough and declare an ordinance invalid is entirely dependent upon statute. The Act of April 3, 1851, P. L. 320, sec. 27, as amended by the act of May 22, 1883, P. L. 39, conferred jurisdiction upon that court to review the action of the borough council, upon complaint of any person aggrieved "in consequence of any ordinance, regulation or act done, or purporting to be done, in virtue of this act, and the determination and order of said court thereon shall be conclusive." The jurisdiction of the court is limited to the review of ordinances and regulations done, or purporting to be done, in the exercise of some power conferred upon the borough by the statute.

The provisions of Ordinance No. 226 expressly negative the intention to impose the charge in question under the police power of the borough "for police and street regulations," and when the borough undertakes to collect this charge it must be prepared to sustain it upon the ground that it is "solely for the rights and privileges granted in

Ordinance No. 133." The Ordinance No. 133, after fixing the annual payments during the first ten years, contained this explicit provision, "at the expiration of which period the council reserves the right to regulate and determine the future annual payment." If the borough, in granting its consent, had the right to reserve the power to fix, at some future date, the amount of subsequent annual payments to be made by the street railway company for the right to occupy the streets, then the Ordinance No. 226 can only be considered as an attempt made by the borough, at the proper time, to exercise the power so reserved. In determining the validity of this ordinance only two questions arise: (1) Did the borough have power, as a condition of its consent to the construction of the street railway, to reserve the right to determine at a future time the amount of the annual payments subsequently to be made by the company for the privilege to occupy the streets? (2) If it had that power, then, was the Ordinance No. 226 a proper exercise of the power reserved by Ordinance No. 133?

The right of the borough to exact any compensation from the street railway company for the privilege of entering upon the streets was not conferred by any statute. The ordinance which imposes the charge does not purport to be the exercise of any power conferred by statute. The only assertion of authority for this charge, upon the part of the borough, is founded upon art. XVII, sec. 9, of the constitution of the commonwealth: "No street passenger railway shall be constructed within the limits of any city, borough or township, without the consent of its local authorities." This provision is peremptory and without express limitations of any kind. "It is a gift directly from the constitution to the local bodies, and needs no help, nor permits any interference from the legislature. If any limitations are to be implied by the courts, the implication must arise from clear necessity, as absolute, as peremptory and as unavoidable as the constitutional mandate itself. . . . He who can consent or refuse

without reason, does not make his consent or his refusal either better or worse by a good or a bad reason. The same principle applies to the present subject. It is conceded that the local authorities may impose some conditions, such as those relative to the police power, but where is the grant to any other body to supervise and limit the conditions, or say what they shall be? The legislature clearly cannot do it. The very purpose of the provision was to put an end to the legislature's interference:" Allegheny v. Railway Co., 159 Pa. 415. The municipality, having the absolute power to give or withhold consent, has the matter in its own hands and may protect its interests by giving its consent upon condition. When the consent is given upon conditions clearly expressed and the street railway company accepts the terms, a contract relation arises, and the rights of the parties are to be determined in accordance with their agreement: Plymouth Township v. Railway Co., 168 Pa. 181; Norristown v. Norristown Passenger Railway Co., 148 Pa. 87; Allegheny v. Gas & Pipeage Co., 172 Pa. 632; Minersville Boro. v. Railway Co., 205 Pa. 394; Millcreek Township v. Erie Street Railway Co., 216 Pa. 132; Cochranton Borough v. Telephone Co., 41 Pa. Superior Ct. 146. This constitutional provision does not deprive the legislature of all power over the public highways, it may prohibit the construction of a street railway upon any highway of the commonwealth, but it is without power to authorize the construction of a street railway upon any highway without the consent of the local authorities. The legislature has power to change the form of government in municipalities, but under any form of government devised, the local authority to which is committed the control of the highways and upon which responsibility for their maintenance is cast will, by the constitution, be vested with discretion to determine whether a street railway shall or shall not be constructed upon the highways. The legislature might abolish the offices of supervisor in townships, council and burgess in boroughs and mayor and councils in cities, and provide a com-

mission form of government for each of them, but the local authorities having control of the highways would, because of that control, by force of the constitutional provision, have the right to determine whether any street railway should be constructed. The ordinance in question was not, nor did it purport to be, an exercise by the borough of any authority conferred by statute, and the learned judge of the court below properly held that the court of quarter sessions was without jurisdiction to declare it invalid.

The order of the court below is affirmed.