# Norristown Borough v. Puleo, Appellant.

*Boroughs—Police powers—Junk dealer — License—Borough of Norristown.*

Under the special Acts of March 21, 1812, P. L. 235; April 2, 1831, P. L. 389, and April 7, P. L. 328, relating to the Borough of Norristown, that borough has the right under the police power to enact an ordinance to require a junk dealer to pay an annual license fee of ten dollars, and to provide a penalty for a violation of the ordinance.

Argued Dec. 5, 1917. Appeal, No. 320, Oct. T., 1917, by defendant, from order of C. P. Montgomery Co., June T., 1917, No. 141, affirming judgment of justice of the peace in case of Burgess and Town Council of the Borough of Norristown v. Joseph Puleo. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Certiorari to a judgment of a justice of the peace.

SWARTZ, P. J., filed the following opinion:

The Borough of Norristown enacted an ordinance requiring "Each person, partnership, association or corporation engaged in the buying and selling of junk, rubber, rags, rope, scrap iron, brass, lead, copper or other metal, commonly known as junk dealers, to pay an annual license fee of ten dollars."

The said ordinance also provided for the collection of a penalty before a justice of the peace, from any person who engaged in said business without first obtaining such license.

The defendant was convicted, before the said justice, of engaging in the business of a junk dealer in the Borough of Norristown, without first obtaining a license permit. The justice imposed a penalty of ten dollars.

The defendant sued out a writ of certiorari. In his application for the writ he alleges that the said ordinance is illegal and void and that the justice had no jurisdiction thereunder to impose the said fine or penalty.

Numerous exceptions were filed to the proceedings, but all were withdrawn, save those which attacked the authority of the borough council to enact the ordinance in question.

That the defendant engaged in the business of junk dealer, failed to first take out a license and incurred the penalty imposed cannot be gainsaid, if the borough had the power and authority to enact the said ordinance.

A junk dealer is one who buys and sells old metals, ropes and rags.

The defendant conducts his junk business at No. 603 Sandy street, in the Borough of Norristown.

That the Commonwealth has the right under the exercise of her police powers to regulate the business of junk dealers is well established: Commonwealth v. Mintz, 19 Pa. Superior Ct. 283.

In this case the constitutionality of the Act of April

11, 1899, P. L. 37, relating to keepers of junk shops was involved. The court said: "The regulation of this class of dealers is within the police power of the State, and the legislative judgment, in prescribing rules and imposing penalties, in conducting such a business, is to be made effectual by the courts, unless it is clearly in violation of the Constitution." . . . . . . "The business of keeping a junk shop or second-hand store is a proper subject for legislative control. Such a business appeals to the necessity and cupidity of the needy and criminal classes in furnishing a market for unsaleable articles."

The supervision over junk dealers falls within the police power of the State, because this power embraces all manner of wholesome and reasonable laws, statutes and ordinances, not repugnant to the Constitution which the legislature may judge to be for the good and welfare of the Commonwealth and of the subjects of the same. The State has the inherent right to protect health, life and limb, individual liberty of action, private property and the legitimate use thereof, and to provide generally for the safety and welfare of its people. The regulation of junk dealers and junk shops falls within the legitimate exercise of the police power of the State to secure the welfare, safety and protection of its people: 8 Cyc. 874; McQuillin on Municipal Ordinances, Sections 428, 429 and 430; Powell v. Pennsylvania, 127 U. S. 678. This police power is exercised in prescribing regulations for the good order, peace, health, protection, comfort, convenience and morals of the community.

It is well known that keepers of junk shops require supervision inasmuch as thieves and receivers of stolen property often resort to such places to pledge or otherwise dispose of their ill-gotten gains: Marmet v. State, 12 North Eastern Rep. (Ohio) 471. Such regulations and supervisions are especially necessary in cities and populous communities. Norristown is a borough but has the population of a city.

The power to enact a statute or ordinance under the

exercise of the police power necessarily embraces the power to impose a license fee or penalty to enforce the regulation.   Without such power the purposes of the ordinance would be defeated and its benefits would be lost to the community.

The contention of the defendant, that a junk dealer follows a legitimate business and is, therefore, not subject to any police regulation or supervision, can not be sustained.   His judgment may be sound, but it must yield to the legislative mind upon the question unless he can point to some provision of the Constitution that is violated.   To refuse recognition of this legislative power is to make the individual judgment superior to that of the legislature: Com. v. Kevin, 202 Pa. 23; Penna. R. R. Co. v. Ewing, 241 Pa. 581.

If the State may enact such a police regulation, then the question arises, whether the borough is invested with the authority to pass a valid ordinance of like effect.

The brief submitted by the borough solicitor fully and able supports the affirmative answer to this inquiry.

That the State may delegate police powers to municipalities, cannot be fairly questioned.   The doctrine is firmly established and now well recognized, that the legislature may expressly or by implication delegate to municipal corporations the lawful exercise of police power, within their boundaries.   The measure of power is subject to the legislative discretion, 28 Cyc. 693.

"The legislature may, in the exercise of its police power, empower the authorities of a municipality to make such rules and regulations, as they shall deem necessary for the good order of the municipality, to regulate its roads, streets and common sewers, to protect the citizens in their persons and property, and to promote the public health and to ordain penalties for the violation of such regulations and collect the same."

Commonwealth v. Shafer, 32 Pa. Superior Ct. 497, citing a long line of cases in support of the text.

The Borough of Norristown was chartered and created by a special enactment of the legislature, passed March 31, 1812, P. L. 255. Section 6 declares: "That it may be lawful for the town council......to enact such by-laws and make such rules, regulations and ordinances as shall be determined by a majority of them, necessary to promote the peace, good order, benefit and advantage of the said borough."

This power so granted was repeated in the later act of April 2, 1831, P. L. 389, Section 5.

The Act of April 7, 1845, P. L. 328, followed and declared, in section 9, that "all ordinances ordained and enacted by the town council of the Borough of Norristown, for the good government and order of said borough,......, shall have the same force and effect as if enacted by the legislature of the Commonwealth."

Power to enact ordinances to promote the peace, good order, benefit and advantage of the borough, supplemented by the declaration that ordinances for the good government and order of the borough shall have the force of acts of the legislature, bring the authority conferred within the power known as "the general welfare clause." This clause is frequently interpreted as granting the power to pass all ordinances which are necessary to the good order and well being of the municipality, 28 Cyc. 705. It was so interpreted in Borough of Warren v. Geer, 117 Pa. 207. It was there said, that this clause "confers a power that is very broad indeed and practically includes whatever conduces to the benefit and advantage of the borough and would seem to restrict the limitations upon the exercise of those which require ordinances to be reasonable and not in conflict with the State or Federal Constitutions."

This case also intimates that, without the enactment of the general welfare clause, in favor of the borough, the municipality possesses the necessary authority to pass the ordinances under the common law power incident to all boroughs and public municipal corporations.

The objection to the ordinance that it is unreasonable cannot be sustained.   The presumption is in favor of its validity.

Our attention was not directed to any matter that can be regarded as a substantial objection to its enforcement.   It is not an attempt to collect a tax, under the guise of a, police ordinance.   The annual license fee of ten dollars is no more than a fair compensation for the services necessary to grant a permit under a proper investigation and for the reasonable supervision of the business by municipal officers.   Unless the amount of the license is manifestly unreasonable, the court will not adjudge it a tax:  McQuillin on Municipal Ordinances, Section 409.

As already shown, it is both the right and duty of the municipal authorities to regulate the business of a junk dealer or junk shops, in the interests of the welfare of the citizens and because of the well-known fact that the place of business so often becomes a resort for the disposal of goods dishonestly obtained.

The Commonwealth also recognized the temptation it offers to minors to engage in practices that develop criminals.   It accordingly enacted a law intended to remove, or at least to lessen, the temptation.   Judgment affirmed.

*Error assigned* was the order of the court.

*Irvin P. Knipe,* for appellant.

*Henry M. Brownback,* for appellee.

Opinion by Henderson, J., March 2, 1918:

Without reference to implied power express legislative authority is shown which sustains the action of the borough in enacting the ordinance under which the proceeding arose.   The business of carrying on a junk shop is a proper subject of police regulation as is shown by Com v. Mintz, 19 Pa. Superior Ct. 283, and many other cases

relating to business of a similar character. Boro. of Sayre v. Phillips, 148 Pa. 482; Philadelphia v. Brabender, 201 Pa. 574, and Scranton v. Straff, 28 Pa. Superior Ct. 258, show the application of the principle. The case was carefully considered and well decided in the court below. It is unnecessary to enlarge on the opinion of the learned trial judge.

The judgment is affirmed.