# Valley Rys., Appellant, *v.* Mechanicsburg Borough.

*Street railways—Municipal consent — Consideration for use of streets—Conditions subsequent—Contract — Presumption of good faith—Tax—License fee—Police power.*

1. Where a street railway company enters into a contract with a borough for the use of streets, and agrees to pay $100 per year to the borough for a term of years "at the expiration of which period the borough reserves the right to regulate and determine the future annual payments," the borough may, after the expiration of the term of years increase the annual payment to $1,200, if it appears that such payment was not unreasonable and excessive, and that the population served by the company had increased, through connections, from 15,000 to 90,000 people.

2. Such annual payment is based on a contract for the purchase of the franchise. It is not a tax, nor is it a license fee collectible under the police power of the municipality; nor is it governed by the rules applicable to taxes and license fees.

3. Where municipal consent to the use of streets relates to conditions subsequent, such conditions must be reasonable and within the power of the company to perform. The presumption is in favor of the validity of the subsequent condition imposed, on the assumption that the municipalities have acted properly and in good faith.

Argued April 29, 1919. Appeal, No. 217, Jan. T., 1919, by plaintiff, from decree of C. P. Cumberland Co., June T., 1914, No. 1, dismissing bill in equity in case of Valley Railways v. Mechanicsburg Borough. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before MCPHERSON, P. J., specially presiding.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*Walter K. Sharpe,* with him *Charles H. Bergner* and *J. E. B. Cunningham,* for appellant.—Municipalities

cannot, for local purposes, tax real estate or other property of public service corporation which may be necessary for the enjoyment and exercise of their franchises: Northampton County v. Easton Passenger Ry. Co., 148 Pa. 282; Phila. v. Electric Traction Co., 208 Pa. 157; Peoples' Passenger Ry. Co. v. Taylor, 22 Pa. Superior Ct. 156; Conoy Township v. York Haven Elec. P. P. Co., 222 Pa. 319.

If a municipal regulation be lawful when intended for one purpose, and unlawful if for another, the presumption is that the purpose was lawful, unless it clearly appear otherwise: Oil City v. Oil City Trust Co., 151 Pa. 454; Point Bridge Co. v. Pittsburgh Rys. Co., 240 Pa. 105.

We contend that even if the payments mentioned in Section 3 of Ordinance No. 133 are to be regarded as revenue taxes, the ordinance does not permit of a construction which would give the right to the borough to arbitrarily increase these taxes to any sum they might in their discretion see fit: Millcreek Twp. v. Erie Rapid Transit St. Ry. Co., 216 Pa. 132; Sayre Borough v. Phillips, 148 Pa. 482; Penna. R. R. Co. v. Phila. County, 220 Pa. 100; Bickford v. Cooper & Co., 41 Pa. 142.

*E. M. Biddle, Jr.,* with him *Harry M. Zug,* for appellee. —The ordinance does not attempt to control either mode or manner in which the streets may be occupied; but whether the railway corporation should be allowed to use the streets at all. In so doing, it was not regulating the use of the streets; but was making a contract, with the railway corporation, not under any power conferred by the general borough acts; but under express constitutional grant: Allegheny City v. Millville, etc., Ry. Co., 159 Pa. 411; Allegheny v. Peoples N. Gas Co., 172 Pa. 632; Cochranton Boro. v. Tel. Co., 41 Pa. Superior Ct. 153; Johnstown Tel. Co. v. Ferndale Boro., 47 Pa. Superior Ct. 461; McKeesport v. McKeesport & R. Pass. Ry. Co., 252 Pa. 142.

Where the municipal legislature has authority to act, it must be governed not by the discretion of the court, but by its own discretion, and the court will not be hasty in convicting it of being unreasonable in the exercise of such authority. A clear abuse of power must be shown to justify the court in declaring it unreasonable: Scranton City v. Straff, 28 Pa. Superior Ct. 258; Lower Merion Township v. Becker, 42 Pa. Superior Ct. 203; Fisher v. Harrisburg, 2 Grant 291; Fyfe v. Turtle Creek Boro., 22 Pa. Superior Ct. 292; Robinson v. Norwood Boro., 27 Pa. Superior Ct. 481; Lorah v. Amity Twp., 35 Pa. Superior Ct. 529; Ringwalt v. Atglen Boro., 49 Pa. Superior Ct. 517; Phila. v. Brabender, 201 Pa. 574; Cameron v. Carbondale, 227 Pa. 473; Eichenhofer v. Phila., 248 Pa. 365.

OPINION BY MR. JUSTICE WALLING, June 21, 1919:

This bill in equity was filed to restrain the defendant borough from the collection of a certain annual amount fixed by ordinance as the consideration for the occupation of streets. The case was heard upon bill, answer, replication and testimony. The Cumberland Valley Electric Passenger Railway Company was chartered in 1893, as a Pennsylvania corporation, and in 1900, by a franchise ordinance (No. 133), the defendant borough granted the company the right to occupy certain designated streets, upon conditions therein named, one of which was, "That said railway company, in consideration of the rights and privileges granted by this ordinance, shall pay the borough the sum of Fifty ($50.00) Dollars per annum, said payment to begin two years after the completion of said railway and to continue for a period of three years, at the expiration of which term said annual amount shall be increased to the sum of One Hundred ($100) Dollars, which latter annual sum shall continue for the period of five years, at the expiration of which period the council reserves the right to regulate and determine the future annual payments."

The company accepted the ordinance, occupied the streets and constructed a railway from Mechanicsburg to Carlisle. So far as appears the company and its successors complied with the ordinance, by paying the amounts therein specified, doing the required street paving, etc. In 1911 the town council of the defendant borough duly enacted an ordinance (No. 226), which provides, inter alia, "That the Valley Traction Company, successors to the Cumberland Valley Electric Passenger Railway Company shall pay annually, on or before the first day of August, unto the Borough of Mechanicsburg, Pennsylvania, the sum of Twelve Hundred ($1,200) Dollars. This rate to commence with the fiscal year beginning March 1, 1911, and continue until the amount of said annual payment shall be readjusted by ordinance. That said annual payment of Twelve Hundred ($1,200) Dollars be considered solely for the rights and privileges granted in ordinance No. 133, to the Cumberland Valley Electric Passenger Railway Company."

The plaintiff herein, as successor to the former companies, declined to pay the increased annual amounts as specified in the last named ordinance. To recover the same the borough brought an action at law, pending which this bill was filed averring, inter alia, that when the franchise ordinance was granted it was the intention of the parties that the annual charge should be increased, if at all, in proportion to the increase of the earnings and prosperity of the company, of which intent the $1,200 charge was in effect a palpable violation, and praying that ordinance No. 226 be declared void as unreasonable, oppressive and confiscatory, and that the borough be restrained from enforcing the same or any penalties that might be incurred by the company from noncompliance therewith. Defendant denied that the ordinance was either unreasonable, oppressive or confiscatory, or that there was any such intent as above stated when the franchise was granted.

The company's railway, when first constructed, was accessible to a population of only fifteen thousand people; while in 1911, by connection with other lines, it reached a population of over ninety thousand, including the City of Harrisburg. The evidence as to the annual earnings of the railway was incomplete, being only as to a part thereof, and did not justify a definite finding as to the value of the franchise. The trial court reports there is no evidence to justify a finding of an intention of the parties, when the franchise was granted and accepted, that the rate charged should only be increased in proportion to the earnings of the company; also, "That there is no evidence which would justify the finding that the charge of $1,200 per annum by the defendant for the use of the main street by the trolley company is unreasonable or unduly excessive, or that this amount is in effect confiscatory"; and, upon the presumption that ordinance No. 226 was reasonable and fair, entered a final decree dismissing the bill; from which plaintiff brought this appeal.

The case was properly decided. A street railway company cannot occupy the streets of a city or borough without municipal consent: Sec. 9, Art. XVII, Constitution of Pennsylvania; and the municipality may give such consent upon any terms it sees fit to impose: McKeesport v. McKeesport & R. Passenger Ry. Co., 252 Pa. 142; Allegheny v. Peoples N. Gas & Pipeage Co., 172 Pa. 632; Allegheny City v. Millville, etc., Ry., 159 Pa. 411; Cochranton Boro. v. Cochranton Telephone Co., 41 Pa. Superior Ct. 146. Where the consent is granted upon conditions precedent the railway company's compliance therewith is essential to the validity of the grant; but where it relates to conditions subsequent, such conditions must be reasonable and within the power of the company to perform: Millcreek Township v. Erie Rapid T. Ry. Co., 216 Pa. 132. See also Johnstown T. Co. v. Ferndale Boro., 47 Pa. Superior Ct. 461. In such case the presumption is in favor of the

validity of the subsequent condition imposed, on the assumption that the municipal authorities have acted properly and in good faith: McKeesport v. McKeesport & R. P. Ry. Co., supra; W. Conshohocken Boro. v. Conshohocken Elec L. & P. Co., 29 Pa. Superior Ct. 7. However, it is a matter over which the courts have jurisdiction and any municipal action relating thereto which is clearly arbitrary or oppressive will be declared void. In the present case, the power of readjusting the rates is expressly vested in the borough council, but as it relates to a condition subsequent, it must be reasonably exercised, so as not to be oppressive or confiscatory, or to have an inevitable tendency to confiscation. See Penna. R. R. Co. v. Phila. County, 220 Pa. 100.

Plaintiff's case fails because the $1,200 annual charge is not shown to be oppressive or confiscatory. Such fact does not appear merely because it is a decided increase over earlier charges, as they may have been much too low, and conditions have changed. Under the circumstances the borough is entitled to a reasonable latitude and its action will not be declared void unless clearly oppressive; nor will the court, except in case of a manifest abuse of discretion, substitute its judgment for that of the body to whom the parties committed the right of adjusting the rates. See Carlisle & M. St. Ry. Co.'s App., 245 Pa. 561; Cameron v. Carbondale, 227 Pa. 473; Scranton City v. Straff, 28 Pa. Superior Ct. 258.

The annual charge is the price paid by the company for the rights and privileges granted and amounts to a purchase of the franchise, which the borough had a right to sell: McKeesport v. McKeesport & R. P. Ry., supra. It rests upon contract and is in no sense a tax and the right of a borough to impose taxes upon a street railway company is not involved. Neither is it a license fee collectible under the police power of the municipality. Nor is it governed by the rules applicable to taxes and license fees.

The appeal is dismissed at the costs of appellant.