## Graeff v. Tamaqua Borough et al.

*Boroughs—Ordinances—Equity—Jurisdiction—Quarter Sessions—Acts of May 14, 1915, and July 17, 1919.*

1. An ordinance of a borough, enacted pursuant to the power conferred by the Act of July 17, 1919, P. L. 1001, relating to the registration of deeds, may be questioned in a court of equity.

2. It is only ordinances enacted under the General Borough Code of May 14, 1915, P. L. 312, that may be attacked in the Court of Quarter Sessions.

*Equity—Practice, equity—Notice on cover.*

3. A bill in equity is irregular and void which fails to conform to the new Equity Rule 33, relating to the notice directed to be endorsed on the back thereof.

Bill in equity. C. P. Schuylkill Co., May T., 1925, No. 4.

*R. A. Graeff*, for plaintiff; *J. O. Ulrich*, for defendants.

BERGER, J., April 20, 1925.—The plaintiff filed his bill March 17, 1925, against the members of the Town Council of the Borough of Tamaqua, the chief burgess and the secretary of the town council, to restrain them from enforcing any of the provisions of the borough ordinance passed Feb. 9, 1925, approved by the chief burgess Feb. 11, 1925, duly advertised according to law, and recorded in the Ordinance Book March 10, 1925. This ordinance was enacted pursuant to the provisions of the Act of July 17, 1919, P. L. 1001, entitled "An act authorizing boroughs and incorporated towns to establish systems for the registration of deeds and titles to real estate." This ordinance, if valid, became effective, as we have shown, on March 10, 1925. The second prayer for relief asks us to declare this ordinance unlawful, inoperative and void.

The defendants have filed preliminary objections to the bill, pursuant to Equity Rule 48 of the Rules of Equity Practice, adopted May 30, 1924, effective Jan. 1, 1925. The exception stressed by the defendants on oral argument is 5 *(G)*, which reads: "The bill in equity is not the proper remedy to have said ordinance declared unlawful, inoperative and void." Section 9, article I, chapter 7, of the Borough Code (Act of May 14, 1915, P. L. 312, 393) provides that: "Complaint may be made to the next Court of Quarter Sessions, upon entering into recognizance with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation or act done, or purporting to be done, in virtue of this act, and the determination and order of the court thereon shall be conclusive." This is mandatory. The defendants, therefore, contend that equity has no jurisdiction to determine the validity of the ordinance; but this contention cannot be sustained, for in Carlisle & Mechanicsburg Street Ry. Co.'s Appeal, 245 Pa. 561, 564, it is held that those ordinances only which are enacted in the exercise of some power conferred by the Borough Code can be questioned by a proceeding in the Quarter Sessions. The ordinance here in question was enacted pursuant to a power conferred by the Act of July 17, 1919, P. L. 1001; hence, it can be questioned in a court of equity.

Exception 5 *(A)* attacks the bill on the ground that the notice endorsed on it is in the form prescribed by the old equity rules. Regarding the notice on the bill, the situation is identical with that existing in C. L. Walters v. The Town Council of the Borough of Tamaqua, etc., and this bill will, therefore, be dismissed for the reasons stated in the opinion filed in that case this day.

And now, April 20, 1925, the bill is dismissed, at the cost of the plaintiff.

From M. M. Burke, Shenandoah, Pa.

(See preceding case.)