## Borough of Mechanicsburg *v.* Valley Railways, Appellant.

Argued March 16, 1933.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*George Ross Hull* of *Snyder, Miller, Hull and Hull,* and with him *Caleb S. Brinton,* for appellant.

*E. M. Biddle, Jr.,* and with him *Forrest Mercer,* for appellee.

Opinion by Keller, J., April 17, 1933:

This case arises out of the same ordinance which was passed upon, and upheld, by this court in Carlisle

& Mechanicsburg St. Ry. Co.'s App., 54 Pa. Superior
Ct. 311 (affirmed by the Supreme Court on the opinion
of Judge PORTER, 245 Pa. 561, 91 Atl. 959) and by the
Supreme Court in Valley Railways v. Mechanicsburg
Boro., 265 Pa. 222, 108 Atl. 629. It is an action of
assumpsit for the annual payment required to be paid
by Valley Railways to the borough under the ordinance
of 1911 (No. 226), for the year beginning March 1,
1931. The point at issue is whether the borough is
entitled to recover the full sum of $1,200, or only
one-third of that amount, by reason of the railway
company having ceased to operate its line within the
borough after June 30, 1931, pursuant to approval
obtained from the Public Service Commission; in other
words, whether the annual payment called for by the
ordinance is a lump sum, or is apportionable in pro-
portion to the number of months during which the
franchise to operate a street railway line within the
borough is actually made use of.

Two other questions might come up for consider-
ation if our decision on the above point were other
than it is, viz., (1) whether the certificate of the Pub-
lic Service Commission consenting to the railway com-
pany's discontinuing service and abandoning its line
of street railway applied to the line within the bor-
ough? and (2) whether under the ordinance in ques-
tion such abandonment became effective by way of
relieving the railway company from payment of said
annual sum until the tracks, rails, etc., of its line were
actually removed? In view of our decision of the main
point involved we shall not discuss these questions.

The charter of railways company's predecessor did
not become effective to the extent that it could operate
a street railway on the streets of the borough until
the latter's consent was obtained. This was granted
conditionally by the ordinance of 1900 (No. 133), which
was duly accepted by the Cumberland Valley Electric

Passenger Ry. Co., under whom Valley Railways oper-
ated its line in the borough. This ordinance provided,
inter alia, that in consideration of the rights and privi-
leges thereby granted, the railway company "shall pay
to the borough the sum of fifty ($50) dollars per
annum, said payment to begin two years after the
completion of said railway, and to continue for the
period of three years, at the expiration of which term
the said annual payment shall be increased to the sum
of one hundred ($100) dollars, which latter annual sum
shall continue for the period of five years, at the ex-
piration of which period the council reserves the right
to regulate and determine the future annual pay-
ments."

In 1911 the ordinance in question, No. 226, fixed
the annual sum thereafter to be paid, in consideration
of the rights and privileges granted the railway com-
pany, at $1,200. It reads as follows:

"Ordinance No. 226.

"Fixing the annual payment to the Borough of
Mechanicsburg, Pa., by the Valley Traction Company,
successors to the Cumberland Valley Electric Pas-
senger Railway Company, for the rights and privileges
granted in ordinance No. 133.

"Whereas, ordinance No. 133, Sec. 3, provides that,
in consideration of the rights and privileges granted
in said ordinance to the Cumberland Valley Electric
Passenger Railway Company, the said company shall
pay annually, for a fixed period of time, a specified sum
of money to the Borough of Mechanicsburg; and,

"Whereas, said fixed period of time having expired
in February, 1911; and,

"Whereas, the right to regulate and determine the
annual payment by said company to the Borough of
Mechanicsburg, after said fixed period of time for
said specified annual payment shall have expired, is
reserved to council by said ordinance, No. 133.

"Therefore, be it enacted and ordained by the town council of the Borough of Mechanicsburg, Pennsylvania, and it is hereby enacted and ordained by the authority of the same:

"Sec. 1. That the Valley Traction Company, successors to the Cumberland Valley Electric Passenger Railway Company, shall pay annually, on or before the first day of August, unto the Borough of Mechanicsburg, Pennsylvania, the sum of twelve hundred dollars. This rate to commence with the fiscal year beginning March 1, 1911, and continue until the amount of said annual payment shall be readjusted by ordinance.

"Sec. 2. That said annual payment of twelve hundred dollars be considered solely for the rights and privileges granted in ordinance No. 133, to the Cumberland Valley Electric Passenger Railway Company, and shall in no way preclude or debar the Borough of Mechanicsburg from collecting fines for the violation of ordinances or any act of assembly now enacted or that may be enacted relative to the same or the levying additional taxes for police and street regulations."

We think it is clear from a reading of the material portions of both ordinances that the parties had in mind, and provided for, the payment of a definite— or as the second ordinance expresses it—a *specified* sum of money, which was to be paid annually, at one time, for the right and privilege to operate a street railway line within the borough; that this amount was not by way of rental for the borough's streets, to be apportioned during the year, for such length of time as the line might be operated, but a fixed amount, payable at the time stated, which was recoverable at one time, if during the fiscal year of the ordinance, or any part of it, the railway company used and exercised the rights and privileges granted by the ordinance.

It was so regarded by this court in 54 Pa. Superior Ct. 311, 312, where Judge PORTER, speaking for the court, referred to "the annual payment of a fixed sum;" and by the Supreme Court in 265 Pa. 222, 225, where the payment to be made under both ordinances was called an "annual charge;" and under the second ordinance, "the $1,200 annual charge" (p. 227). It is the annual charge agreed to be paid by the railway company, or its predecessor or predecessors, for the rights and privileges granted under the ordinance, and it is payable when due, irrespective of the length of time during the fiscal year that the street railway line may be operated, provided the rights and privileges granted under the ordinance were used and exercised during any part of that fiscal year.

The use of the word "rate," in the last sentence of Section 1 of ordinance No. 226 did not have the effect of changing the nature and character of this annual charge to an apportioned charge. It was, we think, here used as a synonym for "amount," or "charge," in which sense it is sometimes employed. In any event, its inclusion in that one sentence, is not sufficient, without more, to change the meaning of "annual payment," as it was used in ordinance No. 133 and re-enacted in ordinance No. 226.

The judgment is affirmed.

Judge CUNNINGHAM took no part in the decision of this case.