# McKeesport v. Pittsburgh, McKeesport & Connellsville Ry. Company, Appellant.

*Municipalities—Ordinances—Repeal—General and special ordinances—Street railway company—License taxes—Affidavits of defense—Rule for judgment.*

1. A special ordinance granting to a street railway company the right to use and occupy certain streets in a city upon condition that said company "shall pay $50 per year for each car running upon its tracks," is not repealed by a general ordinance subsequently passed providing that, after a certain date, "every company or corporation operating a street car passenger railway or railways in the city shall pay to the said city as hereafter provided in this ordinance an annual license tax of fifty dollars ($50.00) per car, for each and every car used and operated regularly on the line or lines of such company or corporation, in the said city," and the city may recover in an action of assumpsit against the corporate successor of the company the payments imposed by the special ordinance, it further appearing that the defendant company did not operate any cars, it having leased its line to another company.

2. In such a case an affidavit of defense setting up merely such repeal of the special ordinance is insufficient to prevent judgment for want of a sufficient affidavit of defense.

Argued Oct. 31, 1912.    Appeal, No. 83, Oct. T., 1912, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1908, No. 204, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of City of McKeesport v. Pittsburgh, McKeesport & Connellsville Railway Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover license taxes imposed upon the street cars of defendant company.

Rule for judgment for want of a sufficient affidavit of defense.

FRAZER, P. J., filed an opinion as follows:

Plaintiff's claim is for the sum of $5,450.00 with interest, alleged to be due for tax on cars for the years 1902 to 1908, both inclusive, under a special ordinance approved April 4th, 1898, granting the McKeesport, Wilmerding & Duquesne Railway Co. the right to use and occupy certain streets in plaintiff city, that company, including its property and franchises, having been merged with and become a part of defendant company, and its tracks a part of its system of railways, prior to the first day of January, 1902.

Plaintiff bases its claim on the latter clause of the third section of the ordinance of April 4th, 1898, which reads as follows: "And shall pay fifty ($50) dollars per year for each car running upon its tracks." Defendant denies liability and contends in its affidavit of defense that the clause of the ordinance of 1898 is repealed or superseded by a general ordinance approved April 5th, 1902, entitled "An Ordinance providing for the levy and collection of an annual license tax upon street cars used and operated in the City of McKeesport," the first section of which reads as follows: "That from and after the first day of April, A. D. 1902, every company or corporation operating a street passenger railway or railways in the City of McKeesport shall pay to the said city as hereafter provided in this ordinance an annual license tax of fifty ($50.00) dollars per car, for each and every car used and operated regularly on the line or lines of such company or corporation, in the said City of McKeesport; provided, however, that the payment of the license tax herein provided shall not be held to apply to freight or express cars, to cars used on extraordinary occasions, such as holidays, or to cars used in case of accident or damage to other cars."

The right of plaintiff to recover depends upon the effect if any, of the general ordinance of 1902 upon the special ordinance of 1898. If the latter is repealed or superseded by the former this rule must of course be discharged; if not, it should be made absolute. The gen-

eral rule is that special statutes or ordinances are not ordinarily repealed by subsequent general laws, unless the same appears to have been the legislative intent.  In this case the ordinance of 1898 is in the nature of a contract between the municipality and the railway company, by which the latter, upon its acceptance of the ordinance, among other things agreed to pay the city annually the sum of $50.00 "for each car running upon its tracks."  While the amount named might be considered as a tax, it is rather in the nature of an annual payment to be made in consideration for the privilege of using the streets of the municipality, and is a direct charge upon the company.  It is neither a tax nor a license fee.  The general ordinance is a revenue measure and imposes an "annual license tax" upon certain cars operated within the city limits which is to be paid by the operating company, and the other provides the consideration for a contract.  They are consequently different subjects.  Therefore, the former ordinance would not repeal the latter unless such was the clear intention of the legislative authority.  Such, however, does not, in our opinion, seem to have been the intention of the municipal authorities.  This conclusion is not prejudicial to the defendant, for the reason that the municipality does not consider defendant "an operating company" within the meaning of the general ordinance, and makes no claim against it for the license tax imposed by that ordinance.

In addition to the facts stated in the opinion it appeared that the defendant company did not operate any cars, it having leased its lines to another company

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.  Defendant appealed.

*Error assigned* was the order of the court making absolute the rule for judgment for want of a sufficient affidavit of defense.

*George C. Bradshaw,* for appellant.

*W. E. Newlin,* with him *W. B. Rodgers,* for appellee.

PER CURIAM, January 6, 1913:

The judgment is affirmed on the opinion of Judge FRAZER making absolute the rule for judgment for want of a sufficient affidavit of defense.