The Borough of Munhall, a municipal corporation, Appellant *v.* Dynamic Cablevision, Inc.; a corporation, Appellee.

Argued May 3, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate in the decision.

*Edward A. Witt,* with him *Cleland, Hurtt, Witt and Weil,* for appellant.

*Mord C. Taylor, Jr.,* with him *Ruby, Nescott and Taylor,* for appellee.

*George J. Barco,* with him *Yolanda G. Barco,* and *Barco and Barco,* for amicus curiae, Pennsylvania Cable Television Association.

OPINION BY JUDGE ROGERS, September 13, 1977:

The Borough of Munhall (Borough) has appealed an order of the Court of Common Pleas of Allegheny County sustaining Dynamic Cablevision, Inc.'s (Dynamic) demurrer to, and dismissing, the Borough's complaint in equity. We reverse.

On July 26, 1968, the Borough enacted Ordinance No. 1177 granting Dynamic the exclusive right "to erect, maintain and operate transmission and distribution facilities, in, under, over, along, across and upon the streets, lanes, alleys, avenues, bridges, highways and other public places in said borough for the purpose of transmission by cable and distribution of television impulses and energy for the sale to the inhabitants of the Borough of Munhall. . . ." Incorporated in Ordinance No. 1177 was a contract between the Borough and Dynamic which included among terms and conditions, one requiring Dynamic to pay the Borough a fee based on percentages of Dynamic's monthly gross receipts, and another establishing as the rate Dynamic might charge subscribers for its services the sum of $4.95 per month, with a provision that no increase in

the charge could be made without permission of the Borough.

Effective November 1, 1974, Dynamic increased its customer service charge to $5.95 per month without the Borough's permission. In response, the Borough sued in equity seeking an order enjoining Dynamic from charging its subscribers more than $4.95 per month, and an order which would require Dynamic to refund excess charges paid by subscribers. The Borough also sought an accounting of fees allegedly due and unpaid to the Borough for the years 1974 and 1975.

Dynamic's preliminary objections in the nature of a demurrer to the Borough's complaint in equity raised three questions of law, stated by the lower court as follows:

> 1. Do boroughs have the right to grant exclusive franchises to conduct a cable television business within its corporate limits?
>
> 2. Do boroughs have the right to levy and collect a franchise fee or tax based upon the volume of business conducted in the borough?
>
> 3. Do boroughs have the right to regulate the rates defendant charges the borough residents for cable television?

The court below sustained Dynamic's position as to questions 1 and 3, holding that the powers to license and to regulate rates charged by enterprises engaged in business in municipalities are not usual incidents of municipal administration and that they may be exercised by muncipalities only if specifically delegated by the legislature, a condition not here present. Question 2 was resolved by the court in the Borough's favor on the basis that the fee charged Dynamic was a tax authorized to be imposed by The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq.

We conclude that the court below erred in its resolution of Questions 1 and 3 but correctly decided Question 2, howbeit for the wrong reason.

Our recent decision in *Borough of Scottdale v. National Cable Television Corp.*, 28 Pa. Commonwealth Ct. 387, 368 A.2d 1323 (1977), of which the court below did not have the benefit, is largely dispositive of the present appeal. There, we held: (1) that The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §45101 et seq., empowers boroughs to regulate by ordinance the use of their streets and ways by cable television companies; (2) that boroughs may impose conditions upon such use, including rates to be charged subscribers and fees to be paid to the borough for the rights granted; and (3) that the fees payable to boroughs under such arrangements are neither taxes nor license fees but are charges in the nature of rentals for the right to use the public streets.

By unavoidable implication, the power to regulate includes the power to grant or deny the right to use public ways by entities providing CATV services. Such power, of course, must be exercised in good faith and in the public interest. *Borough of Scottdale v. National Cable Television Corp., supra.* Somewhat curiously, since it is the beneficiary of the grant, Dynamic seems to argue that the Ordinance is void and unenforceable because it grants an exclusive right to place CATV cables in the Borough streets. We recognize that the grant in *Borough of Scottdale v. National Cable Television Corp., supra,* was not exclusive. In the absence of a complaint by someone excluded by Dynamic's exclusive right and on a record devoid of evidence of public detriment or bad faith, equity should not void an Ordinance at the instance of an enterprise which, having solicited the legislation, seeks to avoid inconvenient provisions by asserting that others are unlawfully favorable.

The fee payable to the Borough and the requirement of Borough approval of Dynamic's rate increase are terms and conditions of Ordinance No. 1177 by which the Borough permitted Dynamic to use the public streets. As the Supreme Court pertinently declared in *Philadelphia v. Holmes Electric Protective Co.*, 335 Pa. 273, 279, 6 A.2d 884, 887 (1939):

When such an ordinance is accepted and acted on by the grantee of the privilege the corporation becomes contractually bound to pay the consideration and perform the terms and conditions specified in the ordinance, and the contract thereby formed has the same legal status as any other contract . . . .

Accordingly we enter the following:

ORDER

AND Now, this 13th day of September, 1977, the order of the Court of Common Pleas of Allegheny County sustaining Dynamic Cablevision, Inc.'s preliminary objections in the nature of a demurrer is hereby reversed, and the case is remanded to the court below for further proceedings not inconsistent with this opinion.

Judge KRAMER did not participate in the decision in this case.