## State Public School Bldg. Auth. v. Johns-Manville Sales Corp.

*Stephen Hutzelman,* for plaintiffs.
*Ritchie T. Marsh,* for defendant Johns-Manville Sales Corp. and Marine Midland Grace Trust Co.
*Andrew J. Conner,* for defendant Hardner-Doyle Co.

NYGAARD, *J.,* February 15, 1984—This case involves an allegedly defective roof installed on the Fort LeBoeuf Middle School in Waterford Township, Erie County. Plaintiff State Public School Building Authority (SPSBA) entered into a contract on or about April 8, 1970, with defendant Hardner-Doyle Company for the construction of the Fort LeBoeuf Middle School. The school was to be leased to the Fort LeBoeuf School district (Fort LeBoeuf) upon its completion. Problems occurred in early 1976; a summons in trespass and assumpsit was filed December 6, 1979, and the complaint was filed on November 14, 1980.

Defendants, with the exception of John T. Hallgren, Joseph T. Restifo, Robert H. Loop and Hallgren, Restifo and Loop have properly raised before this court the defense of the statute of limitations. Plaintiffs filed a motion for partial summary

judgment, relying on the doctrine of nullum tempus.

In an opinion and order of this court dated May 25, 1983, plaintiff's motion for partial summary judgment was granted. Defendants subsequently filed a motion for reconsideration. Inasmuch as all parties did not have an opportunity to address this issue, due process was denied them and this court granted reconsideration. The matter has been thoroughly briefed and argued, this court having reconsidered now concludes that the doctrine is not available to either plaintiff and partial summary judgment must be denied. Our previous order is vacated and in lieu, the following:

The doctrine of nullum tempus occurit regi (literally "time does not run against the king") has its roots in common law, Bagley v. Wallace, 16 S&R 245, 250 (1827); ". . . the general rule is admitted that the Commonwealth is not bound by the statute . . . ." The doctrine has outlived the king and now stands for the proposition that time does not run against the Commonwealth. Furthermore, the doctrine of nullum tempus is as viable today as it was when Bagley argued his case. It was most recently reaffirmed in Commonwealth Department of Transportation v. Rockland Construction Company, 498 Pa. 531, 448 A.2d 1047 (1982).

The issue before the court is whether either plaintiff is an "arm" of the Commonwealth and entitled to the use of the doctrine of nullum tempus to avoid the statute of limitations. Obviously neither plaintiff is the "Commonwealth." Therefore, we must see if either bears such relationship to the Commonwealth, whether by statute or case law, that its cause of action is protected by the doctrine.

Not surprisingly, the statute by itself is not entirely dispositive of the issue. It seems to the court,

however, that the enabling legislation takes great pains to indicate that the SPSBA is not to be considered an arm of the Commonwealth. The SPSBA is an authority, created by Act of Assembly, July 5, 1947, P.L. 1217, 24 P.S. §791.1 et seq., as amended. It is made up of various state officials whose purpose is to acquire, finance, refinance, construct, improve, furnish, equip, maintain and operate buildings for public schools. Further, the act gives the authority the power to sue and be sued, borrow money, exercise eminent domain, fix, alter, charge and collect rentals, to pledge, hypothecate or otherwise encumber, any or all of the revenues or receipts of the authority. It, however, has no power to pledge the credit or taxing power of the Commonwealth or any instrumentality thereof. Its obligations or debts are of the SPSBA itself. It receives no appropriations through the state. It cannot incur debt in the name of the Commonwealth. Its own revenues are used to pay for its debt obligations. It is designed to be financially independent of the Commonwealth and it is, for all legal purposes, a separate body, both politic and corporate.

Further, there are no reported decisions regarding whether or not the SPSBA is entitled to the use of the nullum tempus doctrine. Only one case involving the SPSBA is of assistance. In Rupe v. State Public School Building Authority, 245 F.Supp. 726 (1965), the court held that the SPSBA was a governmental instrumentality performing a governmental function. As such, it was immune from suit because it was providing a governmental as opposed to a proprietary function. Rupe is significant because at that time, had the SPSBA been found to be a part of the Commonwealth, sovereign immunity would have been a bar and the "governmental proprietary

distinction" would have been of no consequence. However, there the court found that governmental, and not sovereign, immunity was applicable. Although the issue in Rupe was sovereign or government immunity and not nullum tempus, the doctrines bear some logical similarity.

In Specter v. Commonwealth of Pennsylvania and Pennsylvania Turnpike Commission, 462 Pa. 474, 341 A.2d 481 (1975), the court found that the Turnpike Commission was not an arm of the Commonwealth and therefore not entitled to the use of sovereign immunity. The court in Pennsylvania Turnpike Commission v. Atlantic Richfield Company, 482 Pa. 615, 394 A.2d 491 (1978), found that the doctrine of nullum tempus was not available to the Turnpike Commission unless the commission was enforcing a strictly public right.

Both the enabling statute and the cases cited herein, convince the court that the SPSBA is not to be considered as an arm of the Commonwealth and is, therefore, not entitled to the use of the nullum tempus doctrine, unless the activity involved is an obligation imposed by law and therefore a strictly public right. We are convinced that it is not. In both the Atlantic Richfield Company case, supra, and Philadelphia v. Holmes E.P. Company, 335 Pa. 273, 6 A.2d 884 (1939), a governmental instrumentality was trying to use the nullum tempus doctrine to collect revenues from a lease. In both cases, the court found the conduct outside the sphere of activity which would permit the use of the nullum tempus doctrine to protect their cause of action. In the case now before the court, the SPSBA calls upon the doctrine to protect its cause in a contract action. This is not the enforcement of a strictly public right imposed by law. Accordingly, the court holds that the doctrine of nullum tempus is not available to them.

Plaintiffs have not presented any law wherein the doctrine is made available to a school district or local authority. Quite to the contrary, the court in Lancaster School District v. Lancaster County, 295 Pa. 112, 120, 144 Atl. 901 (1929), held that the statute of limitations applied to a school district when it attempted to obtain monies which resulted from a taking in eminent domain. Accordingly, we hold that the doctrine is not available to the local school district, nor would it be available to a local authority. See also 42 Pa.C.S. §102.

Defendants also request that this court reconsider Paragraph I of its order of May 25, 1983, in which the court granted plaintiffs' motion to sever the action against Johns-Manville. This we decline to do. Paragraph I of our May 25th order shall remain.

Finally, Hallgren, Restifo and Loop and John T. Hallgren, Joseph T. Restifo and Robert H. Loop, individually, have requested permission to amend their answer so as to raise the defense of the statute of limitations. An answer has been filed by plaintiff. This motion was denied in our May 25 order as being moot. Because of the change in our order with respect to nullum tempus, this request must now be considered. Interested parties are directed to follow the schedule set forth in the order which follows.

## ORDER

And now, this February 15, 1984, upon consideration of the motion for reconsideration, the order entered by this court on May 25, 1983, is amended as follows:

1. Paragraph I, no change.
2. Paragraph II, no change.
3. Paragraph III, Plaintiffs' motion for partial summary judgment is denied.

4. This court's denial is opened and an order is deferred pending opportunity of interested parties to present briefs to this court according to the following schedule:

a. Briefs by defendants due within 15 days from the date hereof; and

b. Briefs for the plaintiffs due 30 days from the date hereof.

There will be no oral argument on this motion.

5. Paragraph V, no change.