## Pennsylvania Turnpike Commission v.
## Northeast Rental Corporation

*Kevin F. Longenbach, assistant chief counsel,* for plaintiff.

*Ronald E. Corkery,* for defendants.

McGINLEY, *J.,* May 8, 1988 — We have before us defendants' motion for summary judgment on the grounds that the within action is barred by the statute of limitations. The issue before the court is the applicability of the statute of limitations to the Pennsylvania Turnpike Commission. Normally, in a negligence action, such as this, alleging property damage, the applicable statute of limitations would be two years. (42 Pa.C.S. §5524).

This litigation arises out of an accident that occurred on November 8, 1983. Defendant Martenson was driving a flatbed truck owned by the defendant Northeast Rental Corporation and carrying a post hole digger that exceeded permitted height regulations. (75 Pa. C.S. §4922(A)). In attempting to pass through the Lehigh Tunnel the defendants allegedly caused damage to lights in the tunnel. The plaintiff began this action by writ of summons on August 11, 1986, and filed the complaint on April 3, 1987. Plaintiff admits the action was filed a period of two years and 10 months after the damages occurred.

Summary judgment should not be entered unless the case is free from doubt. *Weiss.v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). Since the moving party has the burden of proving that no genuine issues exist as to. the material facts, the record must be examined in the light most favorable to the non-moving party; in so doing all well-pleaded facts in the non-moving party's pleadings are accepted as true and the party is given the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente,* 315 Pa. Super. 135, 461 A.2d 833 (1983). Summary judgment shall be granted if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.,* 306 Pa. Super. 170, 452 A.2d 269 (1982). In the case before us, there is no dispute with regard to the facts relevant to the issue of the statute of limitations.

Plaintiff claims that by virtue of the doctrine of "nullum tempus occurrit regi" (time does not run against the king) or, as it is sometimes expressed, "nullum tempus occurrit republicae" (time does not run against the state) the statute of limitations is inapplicable to the Pennsylvania Turnpike Commission.

We disagree. While it is true that the statute of limitations does not apply to the commonwealth, *Commonwealth, Department of Transportation v. J.W. Bishop and George H. Overmoyer,* 497 Pa. 58, 439 A.2d 101 (1981), it is also true that the applicability of the statute of limitations depends on whether the entity involved is an integral part of the "commonwealth." *Specter v. Commonwealth,* 462 Pa. 474, 493, 341 A.2d 481, 491 (1975). The Penn-

sylvania Turnpike Commission is not an integral part of the commonwealth and cannot share the attributes of sovereignty which adhere to the state. *Specter, supra.*

*Specter* clearly precludes the Pennsylvania Turnpike Commission from asserting any aspects of sovereignty or rights of sovereignty. *Pennsylvania Turnpike Commission v. Atlantic-Richfield Company* 482 Pa. 615, 620, 394 A.2d 491, 494 (1978). Because the Pennsylvania Turnpike Commission cannot assert any aspects of sovereignty, the statute of limitations bars this action. Indeed, in *Atlantic-Richfield, supra,* the six-year statute of limitations for actions in assumpsit was held to bar a contract action by the Pennsylvania Turnpike Commission.

The Pennsylvania Turnpike Commission urges the court to distinguish the holding in *Atlantic-Richfield* from the present case by suggesting that *Atlantic-Richfield* is applicable only to actions where the Pennsylvania Turnpike Commission brings suit in assumpsit. We find this reasoning to be faulty. Apparently, the Pennsylvania Turnpike Commission would have us consider the door left open in *Philadelphia v. Holmes E.P. Company,* 335 Pa. 273, 6 A.2d 884 (1939) to be wide enough to drive the proverbial truck through,* and argues that the instant suit brought by the commonwealth is brought to enforce strictly public rights.

We find this analogy of the Pennsylvania Turnpike Commission to be tortured in two respects; First, a thorough reading of *Holmes* reveals that *Holmes* holds only that the statute of limitations will bar commonwealth instrumentalities in contract cases. A close reading of the case does not even

---

* Apparently wider than the Lehigh Tunnel is high.

suggest that the pursuit of tort actions is among the public rights still left untouched.

Second, the later case of *Specter* held that the Pennsylvania Turnpike Commission is not an instrumentality of the commonwealth for purposes of raising the defense of sovereign immunity in a tort action. It would be a far stretch of the imagination to say that it was the intention of our Supreme Court to suggest in *Atlantic-Richfield* that aspects of sovereignty cannot be raised as a defense in a tort action, but could be raised by a tardy plaintiff in a tort action.

For the foregoing reasons, we grant defendants' motion for summary judgment.

## ORDER

Now, May 8, 1988, after argument and consideration of the briefs of the parties, and for the reasons set forth in the accompanying opinion, it is ordered that summary judgment is granted in favor of defendants and against plaintiff.