## In re ASBESTOS SCHOOL LITIGATION.

### Master File No. 83–0268.

United States District Court, E.D. Pennsylvania.

May 2, 1991.

---

**148**

David Berger, Herbert B. Newberg, Ralph W. Brenner, Philadelphia, Pa., for plaintiffs.

Daniel J. Ryan, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court are Kaiser Gypsum Company's Motion to Dismiss and Motion for Summary Judgment. Kaiser Gyspum Company ("Kaiser Gypsum") seeks to dismiss the Fourth Amended Complaint, which complaint added Kaiser Gypsum to the Lancaster Action, in its entirety pursuant to Fed.R.Civ.P. 12(b)(1), (2), (3), (4), and (5), and with respect to Counts I, II, III, VII, and VIII pursuant to Fed.R.Civ.P. 12(b)(6). Kaiser Gyspum also seeks summary judgment pursuant to Fed.R.Civ.P. 56 on statute of limitations grounds. Counts I, II and III were previously dismissed by Pretrial Order No. 286. For the reasons stated more fully below, Kaiser Gypsum's Motion for Summary Judgment will be granted, and its Motion to Dismiss declared moot.

## PROCEDURAL BACKGROUND

This complex litigation, consisting of three consolidated actions, has posed a unique challenge to the rules of procedure for the past eight years, especially with respect to defendant Kaiser Gypsum. The named Pennsylvania plaintiffs herein [1] filed the original federal complaint on January 17, 1983, on behalf of themselves and class members, seeking damages for injuries to school buildings caused by the presence of friable asbestos-containing materials. Kaiser Gypsum was not named as a defendant in that complaint. Kaiser Cement Corporation, whole owner of the stock of Kaiser Gypsum, was named as a defendant in the Lancaster Action in the Second Amended Complaint, January 31, 1984. Pursuant to leave to add additional known defendants, granted by Pretrial Order No. 70, October 16, 1986, class plaintiffs added Kaiser Gypsum to the Barnwell Complaint on December 15, 1986. However, Kaiser Gypsum was dismissed from the Barnwell Complaint on March 2, 1990 for lack of venue. On May 9, 1990, the Pennsylvania plaintiffs moved this court for leave to amend the Lancaster Complaint to include Kaiser Gypsum as a defendant. After receiving a proposed amended pleading adding Kaiser Gypsum to the Lancaster Action on November 2, 1990, this court granted Plaintiffs' motion, citing the liberal view appropriate in granting leave to amend pursuant to Fed.R.Civ.P. 15.

Kaiser Gypsum filed its motion to dismiss on November 20, 1990. Plaintiffs failed to respond within 30 days, however a motion to extend time to file an opposition was filed by Plaintiffs on January 28, 1991. I granted plaintiffs an extension until February 4, 1991 to file an opposition to Kaiser Gypsum's motion to dismiss. However plaintiffs still did not file a formal response, instead choosing to mention their opposition to Kaiser Gypsum's motion to dismiss in a paragraph on page 11 of Plaintiffs' Motion for Reconsideration of Pretrial Order No. 286. Pretrial Order No. 286 dismissed Counts I, II and III (products liability counts) as to Kaiser Gypsum, however the conspiracy counts (IV, V and VI) as well as Plaintiffs' requests injunctive relief, restitution, and punitive damages (Counts VI–IX) remain.

Kaiser Gypsum filed its Motion for Summary Judgment on January 15, 1991. Plaintiffs filed a response in opposition to that motion on February 15, 1991. On April 12, 1991, this court heard oral argu-

---

**1.** School District of Lancaster, Manheim Township School District, and Lampeter–Strasburg School District.

ment on both the motion to dismiss and the motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

 Under Fed.R.Civ.P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This court is required, in resolving a motion for summary judgment pursuant to Rule 56, to determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, the evidence of the nonmoving party is to be believed, and the district court must draw all reasonable inferences in the non-movant's favor. *Id.* at 255, 106 S.Ct. at 2513–14. Furthermore, while the movant bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact, Rule 56(c) requires the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 323, 106 S.Ct. 2548, 2552, 2553–54, 91 L.Ed.2d 265 (1986).

 A federal court, sitting in diversity must apply the choice of law rule of the forum state. *Klaxon v. Stentor*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Appropriate choice of law analysis must also be applied to the claims of class action plaintiffs. *Phillips Petroleum v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Pennsylvania applies a flexible approach, characterized by a weighing of the relevant interests of the parties and the forum state, as well as the contacts with the respective states in light of the issues involved. *Compagnie des Bauxites de Guinee v. Argonaut–Midwest Insurance Co.*, 880 F.2d 685, 688–9 (3d Cir.1989); *Griffith v. United Airlines*, 416 Pa. 1, 203 A.2d 796 (1964).

 The plaintiffs here are Pennsylvania school districts, alleging damage as a result of Kaiser Gypsum's participation, along with numerous other members of the asbestos industry, in the placing of friable asbestos-containing materials in the plaintiffs' school buildings. It is likely that any friable asbestos-containing materials present in the plaintiffs' school buildings were delivered and installed in Pennsylvania. It is also probable that containment or abatement procedures have taken place, or will take place in Pennsylvania. Also, Plaintiffs' Complaint states no federal claims. Thus Pennsylvania law is properly applied by this court sitting in diversity.

## DISCUSSION

Kaiser Gypsum now asserts that summary judgment in its favor is appropriate because under Pennsylvania's statute of limitations applicable to this action, the remaining claims against Kaiser Gypsum set forth in the Lancaster Complaint are time-barred. Plaintiffs oppose the motion on the grounds that the joinder of Kaiser Gypsum in the Fourth Amended Lancaster Complaint relates back to the addition of its parent company, Kaiser Gypsum, in the Second Amended Lancaster Complaint on January 31, 1984, or alternatively that Pennsylvania *nullum tempus occurrit regi* doctrine protects the plaintiff school districts from the running of the statute of limitations.

It is not disputed that the applicable statute of limitations provision for actions alleging injury to personal property is contained in 42 Pa.C.S.A. § 5524. That provision allows two years for the commencement of such actions, or any other action to recover damages for injury to personal property founded on negligent, intentional, or otherwise tortious conduct. 42 Pa. C.S.A. § 5524(7). The allegations of con-

spiracy, concert-of-action, and intentional tort remaining against Kaiser Gypsum fall within the conduct to which Pennsylvania's two-year statute of limitations applies. Application of the two-year limitations period to plaintiffs' conspiracy-related claims is appropriate because in Pennsylvania a cause of action for civil conspiracy adopts the statute of limitations applicable to the overt act allegedly committed in furtherance of the conspiracy. *Tarasi v. Pittsburgh National Bank*, 2 Pa.D. & C.3d 406 (1977).

Although there would appear to be issues of tolling here, in light of plaintiffs' claims that Kaiser Gypsum and other defendants intentionally concealed knowledge about the dangers of asbestos, these issues are not relevant to the current motion. Regardless of any concealment of knowledge by Kaiser Gypsum or other defendants, Plaintiffs, at the latest, can be said to have become sufficiently aware of a cause of action as of the date upon which they filed the original federal complaint, January 17, 1983. At the latest then, the statute of limitations ran on January 17, 1985. This result is consistent with the Third Circuit's instructions that, as to the use of statute of limitations defenses by a defendant alleged to have fraudulently concealed the basis for a cause of action, the statute is only tolled until knowledge on the part of a plaintiff "cures" the effects of the alleged fraud. *Urland v. Merrell–Dow Pharmaceuticals*, 822 F.2d 1268 (1987).

■ In asserting that the remaining claims against Kaiser Gypsum are not time-barred by Pennsylvania's two-year statute of limitations, the Pennsylvania plaintiffs first argue that under Fed. R.Civ.P. 15(c), the Fourth Amended Complaint, filed November 2, 1990, relates back to the Second Amended Complaint, adding Kaiser Cement Corporation as a defendant, filed in January, 1984. Kaiser Gypsum argues that only Pennsylvania's statute of limitations principles apply here, precluding any resort to Rule 15(c) by the plaintiffs, and alternatively, that the plaintiffs cannot meet Rule 15(c)'s requirements for relation back to the Second Amended Complaint.

Contrary to Kaiser Gypsum's assertion, Rule 15(c) may apply to this diversity action. Kaiser Gypsum's claim that state law, rather than Federal Rules of Civil Procedure controls *when* an action was commenced for purposes of state statutes of limitation analysis, does not squarely address the issue of whether an amendment to a complaint can relate back to a prior filed complaint. Whereas Rule 15(c) implies that a statute of limitations bar may be avoided if certain requirements are met, Pennsylvania law contains no such procedure. Unlike in *Walker v. Armco Steel Corp.*[2], cited by Kaiser Gypsum, here there is a federal rule clearly applicable to the issue at hand. Rule 15(c), by its language, implicates the statute of limitations where it provides: "... the amendment relates back to the date of the original pleading." Further, in the Advisory Committee Notes to Rule 15, it is stated: "Relation Back is intimately connected with the policy of the statute of limitations."

The Supreme Court has held that if there is a Federal Rule of Civil Procedure covering a particular issue in dispute between the parties, such a rule governs in a federal diversity action even if resort to state law would lead to a different result. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Noting that in the absence of a conflicting state procedure, the Federal Rule would plainly control, *Id.* at 465, 85 S.Ct. at 1140, the Court explained that the *Erie*[3] doctrine is not the appropriate test of the validity and applicability of one of the Federal Rules of Civil Procedure. Only where no Federal Rule existed covering the point in dispute would *Erie* command the enforcement of state law. *Hanna, supra*, at 470, 85 S.Ct. at 1143. Where, as here, there is Federal Rule which is clearly applicable, the only requirement for its application is that the Rule must neither violate the Rules Enabling Act, 28 U.S.C. § 2072, nor the Con-

---

**2.** 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

**3.** *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

stitution. *Id.* at 470–472, 85 S.Ct. at 1142–45.

The Supreme Court's analysis in *Hanna, supra,* 380 U.S. 460, 85 S.Ct. 1136, has been referred to in applying Rule 15(c) even though a state statute of limitation would otherwise bar a pleading in a diversity action. *See Santana v. Holiday Inns, Inc.,* 686 F.2d 736 (9th Cir.1982). Kaiser Gypsum has never suggested, either in its response to Plaintiffs' Motion to Amend the Complaint or in its briefs on the current summary judgment motion, that Rule 15(c) violates the Rules Enabling Act or the Constitution. Thus Rule 15(c) is applicable here, provided its requirements are met.

It was in view of the liberal allowances shown by the courts in favor of amendments under Rule 15 [4] that I permitted plaintiffs to file the Fourth Amended Complaint adding Kaiser Gypsum as a defendant. However after briefing and oral argument on the present motion, I conclude that the plaintiffs have failed to satisfy the requirements of Rule 15(c) in full, principally because there has not been a sufficient showing of a mistake in the identity of Kaiser Gypsum, but for which Kaiser Gypsum would have been included in the Second Amended Lancaster Complaint.

In *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court articulated a four-prong test for determining whether a proposed amendment to a pleading meets the requirements of relation back under Rule 15(c). The third prong of the test requires that the party to be added as a defendant to the action "must or should have known that, but for a mistake concerning its identity, the action would have been brought against it." *Id.* at 29, 106 S.Ct. at 2384. Plaintiffs attempt to satisfy this requirement by their claim that Kaiser Gypsum has been completely owned and controlled by Kaiser Cement Corporation at all times

pertinent to this litigation, that Kaiser Gypsum's "public identity had been subsumed by Kaiser Cement" [5] at the time Kaiser Cement was added to the Complaint in January, 1984, and that Kaiser Gypsum was added to this action "as soon as practicable after the dual identities of the Kaiser Companies was recognized." [6]

Plaintiffs have presented no documentation, evidence, or affidavit which would establish a factual basis for their assertion that a mistake was made concerning the identity of Kaiser Gypsum. Further, plaintiffs have failed to establish that Kaiser Gypsum must or should have known that but for any mistake in its identity made by the plaintiffs, it would have been included in the Second Amended Complaint. As I have stated previously in the context of this litigation [7], the mere reiteration of allegations is an insufficient response to a summary judgment motion under the standards of Fed.R.Civ.P. 56 as well as the Supreme Court.[8]

Whereas this court could permit plaintiffs to file the Fourth Amended Complaint, the same latitude cannot be extended now that Kaiser Gypsum has stated a well-founded basis for summary judgment on statute of limitations grounds. In its original opposition to Plaintiffs' amendment of the Complaint, Kaiser Gypsum's primary arguments alleged untimely delay on the part of the plaintiffs and prejudice to Kaiser Gypsum. Not accepting those arguments as persuasive in the context of this protracted litigation, I allowed the proposed amendment to the Complaint under Rule 15(c). I now find that Plaintiffs have not established any mistake made in identifying Kaiser Gypsum within the meaning of Rule 15(c), sufficient to meet the evidentiary standard for answering a Rule 56 motion for summary judgment. Thus the Fourth Amended Complaint cannot relate back to the Second Amended Complaint.

**4.** See Memorandum accompanying Pretrial Order No. 261, October 17, 1990.

**5.** Plaintiffs' Response to Kaiser Gypsum's Motion for Summary Judgment, p. 3.

**6.** *Id.* at 4.

**7.** See Memorandum accompanying Pretrial Order No. 238, May, 25, 1990, p. 3.

**8.** *See Celotex Corp. v. Catrett, supra,* 477 U.S. 317, 106 S.Ct. 2548.

**152**

■ Plaintiffs' alternative argument against a time-bar of the Fourth Amended Complaint by virtue of Pennsylvania's two-year statute of limitations raises the issue of Pennsylvania's *nullum tempus occurrit regi*[9] doctrine (*"nullum tempus"*). Whether *nullum tempus* applies to negate a statute of limitations defense is a question of law that is properly decided on a motion for summary judgment. *See Northampton Cty. College v. Dow Chemical, U.S.A.,* 389 Pa.Super. 11, 566 A.2d 591, 595 (1989), *citing General State Authority v. Lawrie and Green and John McShain, Inc.,* 64 Pa.Cmwlth. 102, 439 A.2d 228 (1982).

■ Under *nullum tempus,* the statute of limitations cannot be pleaded against the Commonwealth of Pennsylvania, or political subdivisions thereof,

> ... when they are seeking to enforce strictly public rights, that is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant.

*City of Philadelphia v. Holmes Electric Protective Co. of Philadelphia,* 335 Pa. 273, 6 A.2d 884 (1939).

■ In support of their argument that *nullum tempus* applies here to avoid a statute of limitations bar to the Fourth Amended Complaint, Plaintiffs cite several cases which favor application of *nullum tempus* to a Pennsylvania school district plaintiff.[10] Respectfully, I am not inclined to agree that *nullum tempus* should be applied to Plaintiffs' Fourth Amended Complaint. In spite of the fact that in constructing school buildings, Commonwealth school districts can be said to act as "an arm or agency of the state with attributes of sovereignty inherent in the state," *Planet,* note 10, supra, the fact that a public function rather than a proprietary one is being carried out is not enough, in itself, to mandate immunity from the statute of limitations under *nullum tempus.* A "governmental vs. proprietary function" test has been rejected as a means of determining governmental immunity generally, and as a test for the application of *nullum tempus* specifically. *See Northampton, supra,* 566 A.2d at 596, note 1.

According to the Supreme Court of Pennsylvania, in order for the application of *nullum tempus* to be appropriate, the right sought to be enforced must be "strictly public", as well as "imposed by law on the defendant." *Holmes, supra,* 335 Pa. at 278, 6 A.2d 884. Here, Plaintiffs seek to recover damages for injury to school district property resulting from numerous asbestos manufacturers having allegedly placed dangerous, friable asbestos-containing materials in Plaintiffs' school buildings, as well as having concealed knowledge of the danger. Although the Plaintiffs may be acting in a governmental role, as the authority cited by Plaintiffs has legitimately found, they are not acting in a role that is "exclusively governmental ... but rather [are] seeking a judgment against alleged [tortious actors], just as any private litigant having standing could do." *Borough of West Fairview v. Hess,* 130 Pa.Cmwlth. 385, 568 A.2d 709, 713 (1989). The language of the Pennsylvania Supreme Court in *Holmes* requires the latter for *nullum tempus* to be invoked. Therefore *nullum tempus* does not defeat Pennyslvania's two-year statute of limitations, which expired against Plaintiffs no later than January 17, 1985. Summary Judgment in favor of Kaiser Gypsum and against Plaintiffs in the Lancaster Action will be entered accordingly.

---

9. "time does not run against the king".

10. *Altoona Area Vocational Technical School v. United States Mineral Products Company,* C.A. 86–2498 (W.D.Pa.1988); *Mt. Lebanon School District v. W.R. Grace and Company,* C.P.Pa. No. GD 83–13686 (January 18, 1991); *The School District of Philadelphia v. Planet Insurance Company,* 15 Phila. 664, C.P. Phila. Co. 1985.